[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16133
Non-Argument Calendar
_____

Agency No. A093-134-549


USAMA MOHAMED EL-ABAIDY,

                                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                        Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 14, 2017)

Before TJOFLAT, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Usama El-Abaidy seeks review of the Board of Immigration Appeals' ("BIA") denial of a motion to reopen proceedings in his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). On appeal, El-Abaidy argues that that he filed his motion to reopen in a timely manner to the extent that he sought to use it to introduce new evidence. He contends that the BIA abused its discretion in failing to consider the news articles showing Egypt's dangerous political climate that he presented in his motion to reopen, failing to specifically address his claim of changed country conditions, and dismissing the motion solely on the basis of his affidavit. He argues that the BIA's entry of a decision consisting solely of conclusory statements violated due process because it deprived this Court of a basis on which to review the BIA's reasoning. He asserts that the BIA made an improper credibility determination when it relied on the Immigration Judge's ("IJ") prior finding that his claims were not credible because the conduct underlying the IJ's finding was long ago and had no bearing on his current claims. We address each argument in turn.

We review the denial of a motion to reopen an immigration proceeding for an abuse of discretion, under which we will only determine whether the BIA exercised its discretion arbitrarily or capriciously. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). The appellant bears a heavy burden in proving arbitrariness or capriciousness because motions to reopen in the context of removal

2

proceedings are particularly disfavored. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).

Under the INA, an alien may file one motion to reopen removal proceedings and must do so within 90 days of the BIA's final order of removal. INA § 240(c)(7)(A), (C)(i), 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). The 90-day time limit does not apply if the motion to reopen is filed on the basis of changed circumstances in the country of the movant's nationality. INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). To meet this exception, a movant must show material evidence that was not available and could not have been discovered or presented at the previous hearing. *Id.*

A motion to reopen must state the new facts that will be proven at a hearing held if the motion is granted, and should be supported by affidavits or other evidentiary material. INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). Thus, the movant must present evidence satisfying the BIA that if it reopened proceedings before the IJ, with all attendant delays, the new evidence offered would likely change the result in the case. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006). Accordingly, it is well within the discretion of the BIA to deny a motion to reopen for at least three reasons: (1) failure to establish a *prima facie* case of eligibility for adjustment of status; (2) failure to introduce material and previously unavailable evidence; and (3) a determination that despite the

alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion. *Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001).

To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a subjectively genuine and objectively reasonable fear of persecution that is (2) on account of a protected ground. *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006). The weaker an applicant's testimony, however, the greater the need for corroborative evidence. *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). An extremely detailed adverse credibility determination alone may be sufficient to support denial of an asylum seeker's application. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818–19 (11th Cir. 2004); *see also Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1231 (11th Cir. 2006) (stating that an IJ's denial of asylum can be supported solely by an adverse credibility determination, especially if the alien fails to produce corroborating evidence). However, even if an alien is found not credible, the IJ must consider other evidence produced by an asylum applicant. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (holding that it is insufficient for the IJ to rely solely on an adverse credibility determination if the applicant produces other evidence of his persecution).

Statements by counsel in briefs are not evidence. *Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980) (stating that conclusory assertion in brief

4

could not establish that company had exercised due diligence in obtaining new evidence); *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269–79 (11th Cir. 2013) (stating that unsworn statement of litigant's state citizenship in brief was insufficient to establish jurisdiction).  The BIA may rely heavily on State Department country reports, which the BIA considers highly probative evidence and usually the best source of information on conditions in foreign countries.  *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1259 (11th Cir. 2006).

To establish a due process violation, an alien must show that he was deprived of liberty without due process of law and that the asserted error caused him substantial prejudice.  *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1333 (11th Cir. 2003).  However, a petitioner's claim must allege at least a colorable constitutional violation in order for this court to possess jurisdiction.  *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007).  Constitutional claims and questions of law do not include "garden-variety abuse of discretion arguments about how the BIA weighed the facts in the record."  *Jimenez-Galicia v. U.S. Att'y Gen.*, 690 F.3d 1207, 1211–12 (11th Cir. 2012) (quotation omitted).  Where the record shows that the BIA properly reviewed the record, there is no colorable question of law for our review.  *Id.* at 1211.  To properly evaluate the record, the BIA need not address each piece of evidence individually, so long as it considered the issues raised and announced its decision in a way that demonstrates

5

it "heard and thought," and did not merely react. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010).

Here, as an initial matter, El-Abaidy failed to show that the BIA violated his right to due process because the BIA properly considered the issues he raised and the evidence he submitted, and provided a sufficient explanation to allow for meaningful appellate review. *Jiminez-Galicia*, 690 F.3d at 1211–12. For example, the BIA discussed El-Abaidy's affidavit in some detail, recounting El-Abaidy's assertion that Egyptian authorities questioned his brother about El-Abaidy's lengthy time in the United States and explaining that it discredited the affidavit because it was uncorroborated and not based on personal knowledge. The BIA also explained that El-Abaidy's allegations that Egyptian authorities sought him would not reflect a material change in country conditions meriting reopening El-Abaidy's proceedings.

Furthermore, the BIA did not abuse its discretion in denying El-Abaidy's motion to reopen. El-Abaidy filed his motion to reopen over a year after the BIA's affirmance of the IJ's decision denying his applications for asylum, withholding of removal, and CAT relief—well beyond the 90-day deadline for timely filing. INA § 240(c)(7), 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c). Additionally, El-Abaidy failed to provide new material evidence of changed country conditions in Egypt with respect to the treatment of long-term American residents returning to

6

Egypt after marrying an American Christian or allegedly assisting this country's government. In support of his motion, El-Abaidy submitted only an affidavit in which he attested that Egyptian intelligence agents questioned his brother regarding El-Abaidy's reasons for living abroad, his activities with the United States government, and whether he intended to return to Egypt. As the BIA found, the allegations in the affidavit do not reflect a material change in country conditions warranting untimely reopening. Even if fully credited, his affidavit only established that El-Abaidy faces an ongoing threat of the same kind that he asserted fearing in his removal proceedings. Thus, at most, the sworn statement established that El-Abaidy faces the same fear of persecution because of his marriage, cooperation with the FBI, and long-term United States residency as he did at the time of his 2012 removal hearing. Thus, he failed to overcome the bar against consideration of his untimely-filed motion to reopen.

Furthermore, the BIA did not give undue weight to the adverse credibility decision that the IJ made during El-Abaidy's original asylum proceedings. El-Abaidy's detailed adverse credibility determination alone would have been sufficient to deny his asylum application. *D-Muhumed*, 388 F.3d at 818–19. Thus, the BIA was entitled to rely heavily on El-Abaidy's adverse credibility determination in denying his motion to reopen, especially as such motions are highly disfavored. *Zhang*, 572 F.3d at 1319. Moreover, in denying the motion,

7

the BIA discussed how his affidavit failed to reflect a material change in country conditions and concluded that El-Abaidy failed to adequately support his fear of harm. Although the BIA considered the IJ's adverse credibility determination, the BIA ultimately denied the motion to reopen based on the lack of evidence to support changed country conditions and thus did not abuse its discretion in weighting El-Abaidy's adverse credibility determination. Likewise, in light of El-Abaidy's adverse credibility determination, the BIA did not abuse its discretion by determining that El-Abaidy did not adequately support his affidavit claim that Egyptian authorities questioned his brother because the affidavit attested to events that did not arise from his personal knowledge and El-Abaidy failed to provide any evidence directly from his brother. *Forgue*, 401 F.3d at 1287; *Zhang*, 572 F.3d at 1319.

Finally, the BIA's lack of specific discussion of the various news articles that El-Abaidy cited and discussed in his motion does not establish that the BIA abused its discretion. The BIA is not required to discuss every piece of evidence that it considers. *Ayala*, 605 F.3d at 948. Even if the articles should have been considered as evidence, two of the articles predated his removal hearing by nearly a decade. El-Abaidy failed to explain why he could not have discovered these articles before his hearing. INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1299a(c)(7)(C)(ii);

8 C.F.R. § 1003.2(c)(3)(ii).  The final article did not state any new material facts or a change in country conditions warranting reopening his case.

**PETITION DENIED.**