[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17027
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-02234-AJB

ALLIANT TAX CREDIT FUND XVI, LTD.,
ALLIANT TAX CREDIT XVI, LLC,
ALLIANT TAX CREDIT XI, LTD.,
ALLIANT TAX CREDIT XI, LLC,

Plaintiffs-Counter Defendants-Appellants,

versus

THOMASVILLE COMMUNITY HOUSING, LLC,
MUSCOGEE COMMUNITY HOUSING, LLC,

Defendants–Counter Claimants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 12, 2017)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Alliant Tax Credit Fund XI, Ltd. ("Alliant XI Ltd."), Alliant Tax Credit XI, LLC ("Alliant XI LLC"), Alliant Tax Credit Fund XVI, Ltd. ("Alliant XVI Ltd."), and Alliant Tax Credit XVI, LLC ("Alliant XVI LLC") (collectively, "Alliant plaintiffs") appeal the dismissal of their breach-of-contract action for lack of subject matter jurisdiction. The Alliant plaintiffs argue that the district court had jurisdiction based on diversity under 28 U.S.C. § 1332. After thorough review, we affirm the district court.

The relevant procedural history is this. In 2011, the Alliant plaintiffs sued Thomasville Community Housing, LLC ("Thomasville") and Muscogee Community Housing, LLC ("Muscogee") for breach of contract. The complaint invoked the district court's diversity-based subject matter jurisdiction. It alleged that Alliant XI Ltd. and Alliant XVI Ltd. were both Florida limited partnerships whose partners were citizens of states other than Georgia, and Alliant XI LLC and Alliant XVI LLC were both Florida limited liability companies whose members were citizens of Florida. It also alleged that Thomasville and Muscogee were both Georgia limited liability companies whose members were citizens of Georgia. The parties ultimately consented to adjudication by a magistrate judge, who conducted a bench trial and entered judgment in favor of the Alliant plaintiffs in 2014.

On appeal from the judgment, we issued a jurisdictional question, asking whether the pleadings sufficiently alleged the citizenship of any of the parties so as

2

to establish the district court's subject matter jurisdiction in the first instance. The Alliant plaintiffs submitted, and formally moved to supplement the record with the sworn affidavit of Melvin Gevisser, the chief financial officer of Alliant Company, LLC, a different Alliant entity not named in this action. Gevisser said that the affidavit was based on his "personal knowledge and review of the books and records of The Alliant Company, LLC and related entities, which were prepared by persons with knowledge at or near the relevant time and were made and kept as part of a regularly conducted business activity." He then explained the composition of the Alliant plaintiffs. The Alliant plaintiffs relied on record evidence to demonstrate the citizenship of the defendants. The defendants responded that they did not have information regarding the Alliant plaintiffs' citizenships and did not address their own citizenships. We then issued a supplemental jurisdictional question, explaining that neither side's response adequately addressed the citizenships of Thomasville or Muscogee.

After both sides responded to the supplemental jurisdictional question, we issued a limited remand for the district court to determine whether diversity-based subject matter jurisdiction existed. Specifically, we instructed the district court to "make specific finding[s] as to each of the parties' citizenships, including the identity and citizenship, at every level, of the members of each of the four LLC parties . . . and every partner in the two partnership parties . . . ."

3

A magistrate judge then directed the parties to file statements as to their citizenships at the time the complaint was filed, and the parties provided a joint statement of citizenship supported by Gevisser's affidavit, deposition excerpts, and the affidavit of M. Vincent Murphy, a member of both defendant LLCs. The magistrate judge held that the evidence sufficiently established that the defendants were citizens of Georgia on the date the suit was filed, but Gevisser's affidavit was inadequate to show that none of the members or partners of the Alliant plaintiffs were citizens of Georgia. The court noted that the affidavit did not clearly address the Alliant plaintiffs' citizenships on the date the suit was filed, simply asserted that various members were citizens of certain states without elaboration, and did not provide enough information to determine the citizenships of certain member trusts. The magistrate judge granted leave to file supplemental briefing to determine the citizenship of all partners and members of the Alliant plaintiffs.

The Alliant plaintiffs filed an amended statement of citizenship that included a second Gevisser affidavit, which again said that the declaration was based on Gevisser's personal knowledge and review of books and records of the Alliant Company, LLC, and related entities, and declarations by purported partners and members of the Alliant plaintiffs explaining where the individuals resided and their intent to remain at the time the complaint was filed. Thomasville and Muscogee challenged the statement from the Alliant plaintiffs. At a status conference, the

Alliant plaintiffs were ordered to file a declaration to explain the relationship of entities that had been listed as interested parties and to file the documents relied upon by Gevisser in his second affidavit.

The Alliant plaintiffs then filed a third Gevisser affidavit to address the relationship of the entities listed as interested parties.  They later filed 22 exhibits and a response brief to address the district court's order to produce documents supporting the second Gevisser affidavit.  The exhibits consisted of redacted excerpts of business agreements and tax returns involving Alliant companies, publicly filed court pleadings, and information that had been filed with the Federal Deposit Insurance Corporation.  In reply to the response by Thomasville and Muscogee responded to the Alliant plaintiffs' filings, the Alliant plaintiffs attached a fourth affidavit by Gevisser, which was meant to supplement his previous declarations and clarify that he has personal knowledge of how the Alliant Company, LLC, and the Alliant plaintiffs maintained their records.

The magistrate judge determined that the first three Gevisser affidavits were inadmissible on hearsay and trustworthiness grounds, struck the fourth Gevisser affidavit as untimely and unreliable, and found that the Alliant plaintiffs failed to meet their burden of establishing that complete diversity existed when the complaint was filed.  Accordingly, he vacated the 2014 judgment in favor of the Alliant plaintiffs and dismissed the case for lack of subject matter jurisdiction.

5

We review <u>de novo</u> a district court order dismissing a case for lack of subject matter jurisdiction, viewing the facts in the light most favorable to the plaintiffs. <u>Parise v. Delta Airlines, Inc.</u>, 141 F.3d 1463, 1465 (11th Cir. 1998). We review the district court's evidentiary rulings for clear abuse of discretion. <u>Aycock v. R.J. Reynolds Tobacco Co.</u>, 769 F.3d 1063, 1068 (11th Cir. 2014).

District courts have subject matter jurisdiction based on diversity if the amount in controversy exceeds $75,000 and the case is between citizens of different states. 28 U.S.C. § 1332(a). For diversity to exist, there must be complete diversity: "every plaintiff must be diverse from every defendant." <u>Triggs v. John Crump Toyota, Inc.,</u> 154 F.3d 1284, 1287 (11th Cir. 1998). The party invoking the court's jurisdiction bears the burden of establishing federal jurisdiction. <u>McCormick v. Aderholt</u>, 293 F.3d 1254, 1257 (11th Cir. 2002).

To properly allege the citizenship of an LLC, a party must identify all of the LLC's members and their citizenships. <u>Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.</u>, 663 F.3d 1304, 1305 (11th Cir. 2011). To establish the citizenship of a partnership, a party must identify all of the entity's members or partners and their citizenships. <u>Underwriters at Lloyd's, London v. Osting-Schwinn</u>, 613 F.3d 1079, 1086 (11th Cir. 2010). To allege the citizenship of a corporation, a party must identify every state by which the company has been incorporated and the state where it has its principal place of business. <u>See</u> 28

U.S.C. § 1332(c)(1).  With respect to a natural person, a complaint must allege the person's citizenship, which is equivalent to domicile.  See Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013).  An allegation of residence is insufficient because "domicile" requires both residence in a state and the intention to remain there indefinitely.  Id.

The Alliant plaintiffs argue that the magistrate judge violated the mandate rule by examining the citizenships of all parties because our supplemental jurisdictional question only requested information regarding the defendants' citizenships.  We disagree.  It is true that "[u]nder the law of the case doctrine, both district courts and appellate courts are generally bound by a prior appellate decision in the same case."  Alphamed, Inc. v. B. Braun Medical, Inc., 367 F.3d 1280, 1285–86 (11th Cir. 2004).  And we've described the mandate rule as:

> simply an application of the law of the case doctrine to a specific set of facts. Accordingly, when acting under an appellate court's mandate, a district court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.

United States v. Amedeo, 487 F.3d 823, 830 (11th Cir. 2007) (quotation and citation omitted).  But even assuming that the mandate rule applies to the jurisdictional questions and order in the parties' previous appeal, the magistrate judge did not violate the rule.  We made no finding as to the citizenship of any of

the parties in the prior appeal, and we instructed the district court to determine the citizenships of all parties, including the Alliant plaintiffs. Specifically, we directed the court to "make specific finding[s] as to each of the parties' citizenships." Thus, the magistrate judge complied with our remand order.

We are also unpersuaded by the Alliant plaintiffs' argument that it established federal jurisdiction because Thomasville and Muscogee conceded to facts concerning the Alliant plaintiffs' citizenships in a joint statement. We have repeatedly held that "[p]arties may not stipulate jurisdiction." W. Peninsular Title Co. v. Palm Beach Cty., 41 F.3d 1490, 1492 n.4 (11th Cir.1995); see also Travaglio, 735 F.3d at 1269–70 ("[I]t is fundamental that parties may not stipulate to federal jurisdiction."). Parties may, however, "stipulate to facts that bear on our jurisdictional inquiry." Eng'g Contractors Ass'n of S. Fla. v. Metro. Dade Cty., 122 F.3d 895, 905 (11th Cir. 1997). A court's task is to determine whether "the stipulated facts give rise to jurisdiction." W. Peninsular Title Co., 41 F.3d at 1492 n.4 (emphasis omitted).

Here, the magistrate judge determined that the parties' assertions and evidence in the joint statement were inadequate to establish the Alliant plaintiffs' citizenships. Indeed, the bare declarations in the joint statement that certain natural-person members of the Alliant plaintiffs were citizens of certain states was too conclusory; other than simply asserting they were citizens of certain states,

8

they did not begin to establish that those members resided, and intended to remain, in the alleged states.  Travaglio, 735 F.3d at 1269.  Thus, the stipulated facts did not give rise to diversity jurisdiction.  W. Peninsular Title Co., 41 F.3d at 1492 n.4.

Nor are we persuaded that the magistrate judge abused his discretion by deeming the first three Gevisser affidavits inadmissible.  Under Fed. R. Evid. 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  The first two Gevisser affidavits merely provided that Gevisser had knowledge of and access to the books and records of the Alliant Company, LLC -- an entity not named in this action -- and related entities.  But, the affidavits did not specify the related entities or indicate that the Alliant plaintiffs were among them.  The third Gevisser affidavit clarified that the Alliant plaintiffs were related to the Alliant Company, LLC, and Gevisser had access to their books and records, but it did not explain how Gevisser gained knowledge of the Alliant plaintiffs' composition or why his position gave him access to their records.  The affidavits also did not refer to any specific record consulted by Gevisser.  We cannot say it was a clear abuse of discretion for the magistrate judge to determine that the evidence presented was insufficient to show that Gevisser had personal knowledge of the matter.

In addition, the magistrate did not abuse his discretion by refusing to accept the fourth Gevisser affidavit.  The Alliant plaintiffs did not file the affidavit in its

9

original or amended response, or in its responses to the magistrate judge's orders following the status conference. There is no indication that the magistrate judge or district court requested or authorized the filing of additional exhibits beyond the status-conference order. The fourth affidavit was meant to clarify Gevisser's role and basis of his knowledge, which addressed an argument raised by the defendants when the second Gevisser affidavit was filed six months earlier. A court does not abuse its discretion when it refuses to accept out-of-time affidavits. See Farina v. Mission Inv. Tr., 615 F.2d 1068, 1076 (5th Cir. 1980).[1]

We are also unconvinced that the district court erred in failing to consider the exhibits filed in response to the magistrate judge's order for documents. Under Fed. R. Evid. 803(6), an authenticated document is admissible as a business record if it meets the following conditions: (a) it "was made at or near the time by -- or from information transmitted by -- someone with knowledge"; (b) it "was kept in the course of a regularly conducted activity"; (c) and "making the record was a regular practice of that activity." Fed. R. Evid. 803(6)(A)-(C). Those conditions must be shown "by the testimony of the custodian or another qualified witness." Id. 803(6)(D). Thus, someone who is knowledgeable about the procedures used to create the alleged business records must testify. See United States v. Garnett, 122 F.3d 1016, 1018–19 (11th Cir. 1997).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

The Gevisser affidavits did not show that Gevisser was a custodian of the records or knowledgeable about the procedures used to create them, so the records were not admissible under Rule 803(6).  Moreover, there was no indication that the publicly filed court pleadings or documents filed with the Federal Deposit Insurance Corporation were records made as a regular business practice at the relevant time.  The records also were inadmissible under Fed. R. Evid. 807 because they did not have "exceptional guarantees of trustworthiness."  United States v. Jayyousi, 657 F.3d 1085, 1113 (11th Cir. 2011) (quotation omitted).  Rather, the documents contained only excerpts and were redacted, and it was unclear whether any information relevant to citizenship was omitted from them.  Nor, finally, did the declarations from purported members and partners of the Alliant plaintiffs alone prove the plaintiffs' citizenship.  The declarations did not address the overall structure of the Alliant partnerships and LLCs, and, thus, did not show that the declarants were the only partners and members of the Alliant plaintiffs.

On this record, the magistrate judge did not err in determining that the Alliant plaintiffs did not meet their burden of establishing federal jurisdiction. McCormick, 293 F.3d at 1257.  Accordingly, we affirm the dismissal for lack of subject matter jurisdiction.

**AFFIRMED.**

11