[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11440
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20407-PCH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARRY SOUFFRANT,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 27, 2015)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

In *United States v. Souffrant*, 517 F. App'x 803 (11th Cir. 2013), we affirmed appellant Garry Souffrant's convictions on 46 counts of an indictment charging a "multi-million dollar mortgage fraud conspiracy" and related substantive offenses that occurred in South Florida in 2009.  We also affirmed Souffront's sentences, which included an order, entered pursuant to the Mandatory Victims Restitution Act of 1996 ("MVRA"), Pub. L. No. 104-132, 110 Stat. 1227, codified at 18 U.S.C. § 3663A (2006), requiring him to pay in excess of $4.8 million in restitution to the victims of his offenses.

On October 19, 2011, the District Court, on the Government's application and pursuant to 28 U.S.C. § 3205(a), issued a writ of garnishment to the City of Boca Raton Police and Firefighters' Retirement System (the "Retirement System") in an effort to satisfy, at least in part, the restitution ordered.  The Retirement System, in its response to the writ, stated that Souffrant's employee pension fund account had accumulated $46,962,[1] but, according to Fla. Stat. 175.241, it was not subject to garnishment.[2]  Souffrant, responding, claimed that the sums in the

---

[1]  $41,788 in Souffrant's contributions, the balance in interest earned.

[2]  Fla. Stat. 175.241, Exemption from tax and execution, states:

For any municipality, special fire control district, chapter plan, local law municipality, local law special fire control district, or local law plan under this chapter, the pensions, annuities, or other benefits accrued or accruing to any person under any chapter plan or local law plan under the provisions of this chapter and the accumulated contributions and the cash securities in the funds created under this chapter are hereby exempted from any state, county, or

2

pension fund account belonged to the Retirement System.  The District Court found no merit in either response.  In an order issued on March 24, 2014, Doc. 348, the court adopted a Magistrate Judge's order, Doc. 333, directing the Retirement System to pay $46,962 into the District Court's registry.  Souffrant appeals the order.

Souffrant argues that the pension fund did not belong to him and thus is not subject to garnishment.  The fund is, instead, made up of potential future income, which the District Court expressly addressed in its restitution order.  He also argues that seizing the funds may have harmed the rights of his victims by diminishing a potential long-term flow of income.[3]

Under the MVRA, restitution is mandatory for certain crimes, including offenses committed by fraud, such as those of which Souffrant had been convicted.  18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii).  The government may enforce a restitution order through the procedures available for the enforcement of a civil judgment.  *See id.* § 3613(a); *id.* § 3613 (f) ("[A]ll provisions of this section are available to

---

municipal tax and shall not be subject to execution or attachment or to any legal process whatsoever, and shall be unassignable.

[3]  For this reason, Souffrant argues that the court erred in not affording the victims an evidentiary hearing.  Souffrant lacked standing to seek an evidentiary hearing on behalf of the victims; hence, his argument is meritless.

the United States for the enforcement of an order of restitution.").  Among those available is a writ of garnishment.  28 U.S.C. § 3205.

A restitution order issued following a conviction for an offense committed by fraud is a lien in favor of the government on all property and rights to property of the defendant---as if the defendant's liability were a tax liability assessed under the Internal Revenue Code,  *see* 18 U.S.C. §§ 3613(c), 3663A(c)(1)(A)(ii)---except certain property that is exempt from levy for taxes pursuant to § 6334(a)(1)-(8), (10), and (12) of the Internal Revenue Code.  *See id.* § 3613(a)(1), (f).  The Federal Debt Collection Procedures Act of 1990, Pub. L. No. 101-647, 104 Stat. 4789, 4933 (Nov. 29, 1990), codified at 28 U.S.C. § 3001 et seq., preempts state exemptions, 28 U.S.C. § 3003(d), such as the one provided .  Therefore, only property rights exempted from levy for taxes are exempt from garnishment to satisfy a restitution order. *See* 18 U.S.C. § 3613(a)(1), (2).

Under the Internal Revenue Code, "all property and rights to property" other than certain exempt property[4] may be levied to collect a tax liability.  26 U.S.C. § 6331(a).  With the exception of exempt property, the broad language indicates Congress's intent to "reach every interest in property that a taxpayer might have."

---

[4]  Pension and annuity benefits exempt under the Internal Revenue Code include pension or annuity payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, and certain pension payments and annuities for members of the Armed Forces. 26 U.S.C. § 6334(a)(6).

4

*United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719-20, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1989).

We find no error in the District Court's ordering the garnishment of Souffrant's pension plan funds. Under the MVRA, the Government could enforce the restitution order against the same property interests it could reach if Souffrant owed a tax deficiency. Because his pension plan is not one exempt from levy for a tax deficiency, a writ of garnishment could reach his contingent interest in the plan and cash it out plan because Souffrant was entitled to do so.

AFFIRMED.