ROBIN L. ROSENBERG, UNITED STATES DISTRICT JUDGE
This matter is before the Court upon pro se Defendant's Motion to Dismiss the Complaint, DE 16, which this Court previously referred to the Honorable Bruce E. Reinhart for a Report and Recommendation, DE 23. On December 14, 2018, Judge Reinhart issued a Report and Recommendation recommending that Defendant's Motion be denied. DE 29. Defendant filed objections to the Report and Recommendation on January 14, 2019. DE 33. On January 17, 2019, Defendant moved for oral argument on the Motion to Dismiss and, for the limited purpose of arguing the Motion to Dismiss, to consolidate this case with a pending forfeiture case against Defendant's co-defendant, United States v. Jharildan Vico , 9:18-cv-81168-RLR. DE 34.
The Court has conducted a de novo review of the Report and Recommendation at DE 29, Defendant's objections at DE 33, and the record, and is otherwise fully advised in the premises. Upon review, the Court finds Judge Reinhart's recommendations to be well reasoned and correct. The Court agrees with the analysis in the Report and Recommendation and concludes that Defendant's Motion to Dismiss should be denied.
For the foregoing reasons, it is ORDERED AND ADJUDGED as follows:
1. Magistrate Judge Reinhart's Report and Recommendation [DE 29] is hereby ADOPTED
2. Defendant's objections to the Report and Recommendation [DE 33] are OVERRULED
3. Defendant's Motion to Dismiss the Complaint [DE 16] is DENIED .
4. Defendant's Motion for Oral Argument [DE 34] is DENIED . Defendant did not comply with Local Rule 7.1(b)(2) in requesting oral argument. See Local Rule 7.1(b)(2) (requiring a request for oral argument or a hearing on a motion to be included in a separate section within the motion). In addition, the Court concludes that oral argument is unnecessary for the Court to understand the issues and arguments in the Motion to Dismiss.
5. Defendant's Motion to Consolidate [DE 34] is DENIED AS MOOT .
DONE and ORDERED in Chambers, West Palm Beach, Florida, this 17th day of January, 2019.
REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (DE 16)
BRUCE REINHART, UNITED STATES MAGISTRATE JUDGE
This matter is before the Court on the pro se Defendant Janio Vico's Motion to Dismiss (DE 16), which was referred to the undersigned for a Report and Recommendation by the presiding District Judge. DE 23. The undersigned has reviewed the Motion to Dismiss, the Brief in Support of Motion to Dismiss (DE 17), the Response (DE 27), and the Reply (DE 28). The matter is ripe for decision. For the reasons stated herein, the undersigned recommends that the District Court deny the Motion to Dismiss.
*1332 BACKGROUND
On January 22, 2016, a jury found Defendant Janio Vico ("Vico") guilty on sixteen counts in connection with charges of mail fraud and money laundering.[1] DE 1-4 at 5. Vico was sentenced to 108 months in prison, and ordered to pay $ 1,921,632.21, plus statutory interest, as restitution for his crimes. Id. Although the District Court ordered the restitution due and payable "immediately," it implemented a schedule providing for payment in monthly installments. Id. Compliance with the payment schedule is required to avoid becoming delinquent or otherwise defaulting on the restitution obligation. See 18 U.S.C. § 3572(h)(i). Nevertheless, the terms of the restitution order make clear that compliance with the payment schedule has no bearing on the Government's ability to collect on the unpaid restitution through other means. The restitution provision which is set forth in the criminal Judgment entered against Vico provides:
Restitution with Imprisonment- It is further ordered that the defendant shall pay restitution with the codefendant (Jharildan Vico) in the amount of $ 1,921,632.21. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $ 25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations .
Id. (Emphasis added). Thus, the restitution provision makes clear that its terms apply only to Vico. See U.S. v. Ernst , No. 2:06-cr-10-29DNF, 2010 WL 3746950, at *4 (M.D. Fla. Sept. 21, 2010) (explaining that a payment schedule "does not affect the United States' ability to enforce the restitution judgment, which exists independently of any court-ordered schedule"). Upon entry of Judgment, the restitution order created a lien in favor of the United States on virtually all of Vico's assets. See 18 U.S.C. § 3613(a), (c). The Government perfected the lien by recording notice of it in the Official Records of Palm Beach County on January 26, 2016. Compl. ¶ 6.
On August 29, 2018, the Government filed the instant Complaint to foreclose on real property owned solely by Vico, and located at 2234 Stotesbury Way, Wellington, Florida ("the Property"). Id. at ¶¶ 4,10. The Government's Complaint alleges that Vico has paid only $ 639.66 toward the restitution obligation, ¶ 11, so over $ 1.9 million remains to be collected. Consequently, the Government filed this Complaint seeking to foreclose on the lien attached to Vico's Property so it can apply any proceeds that flow from the sale thereof to the unpaid restitution amount. ¶¶ 11, 12.
On October 9, 2018, Vico filed an Answer to the Complaint. DE 15. The Answer denied that the Property could be foreclosed because, according to Vico, he is in compliance with the payment schedule and *1333 thus has not defaulted on his obligation. Id. at ¶ 12. The Answer also denied that the Court had subject matter jurisdiction and that venue was proper. Id. at ¶ 3.
That same day, Vico filed the instant Motion to Dismiss (DE 16) along with supporting brief (DE 17). The Motion to Dismiss asserted that the District Court's ability to adjudicate the Government's claim was precluded by a lack of subject matter jurisdiction and failure to state a plausible claim. Vico also moved for dismissal on the ground that the Government's commencement of this action violates his due process rights because he is entitled to notice and a hearing. Citing to Federal Rule of Criminal Procedure 12(i), Vico requested a decision on his motion before trial. In moving for dismissal based on lack of subject matter jurisdiction, Vico argues that modification of the payment schedule is required before the Government can initiate foreclosure to satisfy the restitution order. According to Vico, this Court lacks subject matter jurisdiction because adjudication of the Government's claim lies exclusively with the District Judge who presided over the underlying criminal proceeding.
Vico's next argument is that the Complaint fails to state a claim upon which relief can be granted because the Government has not alleged satisfaction of the elements necessary to foreclose on the lien. According to Vico, the elements that must be pleaded are: (1) the date of the lien, (2) notice to the owner, (3) demand for payment and offer of payment schedule, (4) default on payments, (5) default notice and payment demand, and (6) notice of foreclosure based on refusal to cure default. As part of this argument, Vico asserts that foreclosure is improper because the triggering event-default of the restitution obligation-has not occurred. The final argument Vico raises in his Motion to Dismiss is that the Government is using an improper procedural vehicle to its attempt to foreclose on lien. Vico's position is that in bringing this claim, the Government must elect either to proceed under the Mandatory Victim Restitution Act or the Federal Debt Collection Practices Act ("FDCPA"), and here the Government has not done so.
DISCUSSION
A motion to dismiss for lack of subject matter jurisdiction may be filed at any time. See National Union Fire Ins. Co. of Pittsburgh, PA v. F. Vicino Drywall II, Inc. , No. 10-60273, 2010 WL 11552848, at *4 (S.D. Fla. 2010) (J. Gold) (citing Tobar v. United States , No. 07CV817, 2008 WL 3863893, at *2 (S.D. Cal. Aug. 19, 2008) ), holding that "a defendant's motion to dismiss under 12(b)(1) was procedurally proper and timely despite being filed four months after the defendant's Answer because 'lack of subject matter jurisdiction may be raised at any time by any party or by the Court' "). Ordinarily, a party who files an Answer may not file a 12(b)(6) motion simultaneously or anytime thereafter. The Court can, however, consider the filing a Motion for Judgment on the Pleadings under Rule 12(c). Nevertheless, because Vico is proceeding pro se , the Court will consider his pleading a 12(b)(6) motion to dismiss. See Powell v. Lennon , 914 F.2d 1459, 1463 (11th Cir. 1990) (citing Hughes v. Rowe , 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) ); see also Albra v. Advan, Inc. , 490 F.3d 826, 829 (11th Cir. 2007) (Courts should construe a pro se litigant's complaint more liberally than formal pleadings drafted by lawyers).
1. Subject Matter Jurisdiction
Vico first moves to dismiss the Complaint for lack of subject matter jurisdiction, arguing that courts presiding over civil matters cannot hear claims respecting *1334 the enforcement of an existing restitution order, unless that claim is brought pursuant to the FDCPA. Here, Vico argues that because the Government has brought this claim under Sections 3613 and 3664, and not the FDCPA, the only court with subject matter is the court that sentenced him and implemented the restitution order. Putting aside the fact that the District Judge assigned to this civil proceeding is the same judge who sentenced Vico, this argument is unconvincing.
As an initial matter, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." Arbaugh v. Y&H Corp. , 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (U.S. 2006). A plaintiff bears the burden of proving federal subject matter jurisdiction over the case. Travaglio v. Am. Exp. Co. , 735 F.3d 1266, 1268 (11th Cir. 2013) ("When a plaintiff files suit in federal court, she must allege facts that, if true, show federal subject matter jurisdiction over her case exists."); Taylor v. Appleton , 30 F.3d 1365, 1367 (11th Cir. 1994) ("the pleader must affirmatively allege facts demonstrating the existence of jurisdiction"). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." Arbaugh , 546 U.S. at 513, 126 S.Ct. 1235. " Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction." Id. at 514, 126 S.Ct. 1235. To be justiciable, a claim must also seek resolution of an actual "case or controversy." F. Vicino Drywall II, Inc. , 2010 WL 11552848, at *2. "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Id.
The District Court clearly has subject matter jurisdiction over this Complaint, which cites Section 1345 as the basis for this Court's jurisdiction. See Fed. R. Civ. P. 8(a)(1) (requiring that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction"). Section 1345 confers federal district courts with subject matter jurisdiction over claims brought by the United States. See 28 U.S.C. § 1345 ("Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress"). This action is brought by the United States, and the Complaint sets forth a proper statutory basis for "federal-question" jurisdiction. Further, the Government's Complaint sufficiently alleges the existence of an actual "case or controversy" that can be remedied in this Court.
Contrary to Vico's assertion otherwise, Title 18, United States Code, Section 3572(d)(1) does not deprive the District Court of subject matter jurisdiction to hear this claim. Section 3572(d)(1), which is titled, "[i]mposition of a sentence of fine and related matters," provides:
[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments. If the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule.
Absent from the above-quoted language is any support for Vico's argument that the Sentencing Judge in his criminal matter has exclusive authority over claims related to the restitution order. To the extent Vico argues that adjudication of the Government's claim is not proper because modification of the payment schedule is a *1335 prerequisite to bringing such claim, this argument is more appropriately framed as a request for dismissal under Rule 12(b)(6) (dismissal for failure to state a claim upon which relief can be granted). Because Vico is pro se , the undersigned will consider the merits of this argument as part of the Rule 12(b)(6) discussion set forth below. For these reasons the undersigned recommends that the District Court deny the Motion to Dismiss based on Vico's perceived lack of subject matter jurisdiction. The District Court clearly has the constitutional and statutory authority to adjudicate this claim independent of whether the Government will actually succeed in obtaining the relief it requests.
2. Failure To State A Claim Upon Which Relief Can Be Granted
Vico next argues that the Complaint should be dismissed because it fails to state a plausible claim upon which the District Court can grant relief. A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of the plaintiff's claim and the grounds on which it rests. See Swierkiewicz v. Sorema N.A. , 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly , 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ; see Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on " 'naked assertion[s]' devoid of 'further factual enhancement.' " Iqbal , 556 U.S. at 678, 129 S.Ct. 1937 (quoting Twombly , 550 U.S. at 557, 127 S.Ct. 1955 (alteration in original) ). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly , 550 U.S. at 570, 127 S.Ct. 1955 ); see also Am. Dental Assoc. v. Cigna Corp. , 605 F.3d 1283, 1288-90 (11th Cir. 2010).
Turning to the instant case, Vico argues that the Government's Complaint must be dismissed because modification of the payment schedule is a condition precedent to foreclosing on a lien to satisfy a restitution order. Vico contends that because he is current on his monthly installments, the Government cannot use any other methods to attempt to collect the restitution debt. This argument must be rejected because it is well-settled that an action "for civil enforcement by the United States for the collection of fines and restitution does not require a showing that the defendant is in default, but rather requires only the entry of judgment." U.S. v. Hawkins , 392 F.Supp.2d 757, 760 (W.D. Va. 2005). Nowhere does Vico contest that a judgment has been entered against him.
Moreover, as the restitution provision makes clear, the Government's ability to collect on court-ordered restitution is wholly unrelated to modification of the payment schedule. As the relevant provision provides, "[t]hese payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations." DE 1-4 at 5; see also U.S. v. Dawkins , 202 F.3d 711, 716 (4th Cir. 2000) (explaining that where restitution is "ordered due 'in full immediately,' " the existence of a payment schedule does not "preclude the government from pursuing other means of enforcement").
*1336 Vico also argues that the Complaint is deficient because it fails to plead the elements required to state a claim for foreclosure. Before addressing this issue, it is helpful to review the precise legal mechanisms at work here. A lien is a security interest, that is, a "legal right or interest that a creditor has in another's property, lasting [usually] until a debt or duty that it secures is satisfied." Black's Law Dictionary (9th Ed.) at 1006; see also Fla. Stat. § 671.201 (" 'Security interest' means an interest in personal property or fixtures which secures payment or performance of an obligation."). As relevant here, a lien cannot exist without an underlying debt. Once a lien is "perfected," it has priority to other, subordinate creditors. United States v. De Cespedes , 603 Fed. Appx. 769, 771 (11th Cir. 2015) ("Because the restitution lien was entitled to equal treatment as the federal tax liens, under the general rule of 'first in time, first in right,' the restitution lien had priority over the tax liens.") A foreclosure is a "legal proceeding to terminate a [lienholder's] interest in property, instituted by the [lienholder] either to gain title or to force a sale in order to satisfy the unpaid debt secured by the property." Id. at 719. Therefore, to initiate a foreclosure, the following circumstances must be present: (1) an underlying debt must exist and be owed to the plaintiff, and (2) the plaintiff must have a secured interest that attaches to the subject property.
Section 3613 specifies that a restitution order creates "a lien in favor of the United States on all property and rights to property of the person [owing the restitution]." 18 U.S.C. § 3613(c).[2] The United States can enforce a restitution lien "against all property or rights to property of the person [owing the restitution]." 18 U.S.C. § 3613(a) ; see 18 U.S.C. § 3613(f) ("In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution."). By filing a Notice of Lien with the Clerk of Court in the county where the real property is located, the Government perfects the criminal restitution lien, thereby retaining priority over certain third-party claims. United States v. Marrero, Case No. 13-CV-21714, 2015 WL 12588934 (S.D. Fla. Sep. 17, 2015) (J. Williams); 18 U.S.C. § 3613(d). The lien is valid and enforceable even if not perfected.
Vico asserts, without citation to authority, that the elements required for the Government to enforce the criminal restitution lien against his property are "(1) Date of lien (2) Notice to owner (3) Demand for payment and offer of payment schedule (4) Default on payments (5) Default notice and payment demand (6) Notice of foreclosure based on refusal to cure default." DE 17 at 4. For this proposition Vico relies on United States v. Toll, No. 16-CV-62214, 2016 WL 7048321 (S.D. Fla. Dec. 5, 2016) (J. Bloom) (" Toll II"), which in turn cited United States v. Blakeman, 997 F.2d 1084, 1089 (5th Cir. 1992), opinion withdrawn in part on reh'g sub nom. United States v. Blakeman ex rel. Blakeman, 1993 WL 13154094 (5th Cir. July 28, 1993), concluding that "a claim based on a general federal tax lien' must allege: (1) the date the Government assessed the tax; (2) that the government gave notice of the assessment, demanded payment, and filed notice of the lien with the proper authority; and (3) that the government seeks foreclosure of its federal tax lien." Toll II , DE 38 at 5-6; see also *1337 United States v. Toll, No. 16-CV-60922, 2016 WL 4549689, at *2 (S.D. Fla. Sept. 1, 2016) (" Toll I") (citing Blakeman for same proposition). Although Vico argues that the Government must plead more than what the Court in Toll I and Toll II required, he nevertheless asserts that "the plaintiff's complaint still fails to state a claim even under the Toll standard as it does not allege notice or demand for payment was made." DE 17 at 4.
In Toll I , the Government sought to foreclose a criminal restitution lien on real property in Collier County, Florida, owned jointly by the defendant and his wife. The defendant moved to dismiss for failure to state a claim. As the Court in that case noted, "in order to adjudicate any Rule 12(b)(6) motion, a court must first determine the elements necessary for a plaintiff's claim." Toll I , at *2,. Noting that "[d]efendants have largely neglected their duty to provide the Court with guidance, the Court turn[ed] to the Government's Response." Toll I at *2,.[3] The primary case cited in the Government's Response was Blakeman . See Case No. 16-cv-60922-Bloom, DE 20 at 4.[4] The Toll I Court stated:
As explained by the Fifth Circuit Court of Appeals, "a claim based on a general federal tax lien" must allege: (1) the date the Government assessed the tax; (2) that the government gave notice of the assessment, demanded payment, and filed notice of the lien with the proper authority; and (3) that the government seeks foreclosure of its federal tax lien. See United States v. Blakeman , 997 F.2d 1084, 1089 (5th Cir. 1992), opinion withdrawn in part on reh'g sub nom. United States v. Blakeman ex rel. Blakeman [1993 WL 13154094] (5th Cir. July 28, 1993) ; see also Johansen v. United States , 392 F.Supp.2d 56, 62 (D. Mass. 2005), aff'd , 506 F.3d 65 (1st Cir. 2007). Such a complaint must "put defendants on notice that the government [is] seeking foreclosure." Blakeman , 997 F.2d at 1089.
Toll I at *2,. Using Blakeman as its guide, the Court found the Toll I complaint to be sufficiently pled because it "(1) states the date the judgment lien was assessed; (2) provides that the Government gave notice of the assessment, made a demand upon Craig Toll, and filed notice in the public records of Collier County, Florida; and (3) that the Government seeks to foreclose the restitution lien." Id at *3. The Court then noted, "[d]efendants have not provided the Court with any authority that requires alternative or additional elements to state a claim for foreclosure of a restitution lien, arguing instead that the Amended Complaint fails due to a hodgepodge of purported pleading deficiencies. The Court finds that the Amended Complaint satisfies the above pleading standard and Defendants' additional pleading proposals are not required." Id.
Although the Toll I Court held that the complaint met the requirements of *1338 Blakeman and that no additional elements need have been pleaded, it stopped short of holding that all of the Blakeman elements were necessary to plead a plausible claim to foreclose a criminal restitution lien. The undersigned finds that several of the Blakeman elements need not be pleaded in an action to foreclose a criminal restitution lien.
Blakeman involved the enforcement of a federal tax lien arising under Section 6321 of the Internal Revenue Code. That section states:
If any person liable to pay any tax neglects or refuses to pay the same after demand , the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.
26 U.S.C. § 6321 (emphasis added). Under this statute, no tax lien exists until a specific amount of tax is determined to be due and owing, the computed tax amount is assessed against the taxpayer, a demand for payment of that tax is made, and the taxpayer neglects or refuses to pay the tax. All of these steps must occur before the federal tax lien can come into existence.
There are material differences between a criminal restitution lien and a federal tax lien. For a criminal restitution lien, the amount of restitution due and owing (i.e. the underlying debt) is computed prior to the criminal judgment being entered, and is incorporated into that judgment. The criminal restitution lien thus arises by operation of law at the time the criminal judgment is entered. No additional notice, demand, or non-payment is required for the criminal restitution lien to take effect.
Removing the Blakeman/Toll elements that are unique to a federal tax lien leaves the following elements: (1) the date of the restitution order; (2) the amount of the restitution ordered by the sentencing judge; (3) the filing of the lien with the proper authority;[5] and (4) a statement that the relief the government seeks is foreclosure of the lien on specified property. These elements are consistent with what must be proven to effectuate a foreclosure: the existence of an enforceable security interest of a particular amount against a specific property. The Government's Complaint alleges each of these elements: the date of the restitution order, ¶ 7; the amount of restitution ordered, ¶ 7; the fact that the lien was recorded in the Public Records of Palm Beach County, ¶ 9; and the Government's intent to foreclose the lien on the Property. ¶ 8. Nothing more is required to satisfy Rule 12(b)(6).
3. Due Process
Vico's final argument in support of dismissal is that the Government's commencement of this proceeding to enforce the criminal restitution order violates the due process rights to which he is entitled under the FDCPA. See Dusenbery v. United States , 534 U.S. 161, 167, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States ... from depriving any person of property without due process of *1339 law.") Vico's due process argument is based solely on the text of the FDCPA, which states that it provides "the exclusive civil procedures for the United States to obtain satisfaction of a judgment in a criminal proceeding that imposes a fine, assessment, penalty, [or] restitution." Vico relies on this language to argue that due process requires affording him notice and a hearing before the Government can foreclose the lien. Vico's argument necessarily fails however, because the Eleventh Circuit Court of Appeals has determined that "[a]lthough the procedures prescribed are 'exclusive,' the Act does not 'curtail or limit the right of the United States under any other Federal law or any State law ... to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case.' " United States v. Bradley , 644 F.3d 1213, 1310 (11th Cir. 2011) (citing 28 U.S.C. § 3003(b)(2) ); see also United States v. Souffrant , 601 Fed. Appx. 883, 885 (11th Cir. 2015) ("The government may enforce a restitution order through the procedures available for the enforcement of a civil judgment").
Finally, to the extent Vico argues that the "Notice of Lien" failed to provide him adequate notice because it did not identify the specific property to which it attached, that argument is both unavailing and foreclosed by binding precedent. As the Eleventh Circuit explained in Souffrant , "[a] restitution order issued following a conviction for an offense committed by fraud is a lien in favor of the government on all property and rights to property of the defendant." Id. (emphasis added). Accordingly, the undersigned recommends that the Government be allowed to proceed with its Complaint.
REPORT AND RECOMMENDATION
For the foregoing reasons, the undersigned RECOMMENDS that the District Court DENY the Motion to Dismiss.
NOTICE OF RIGHT TO OBJECT
A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin Rosenberg, United States District Court Judge for the Southern District of Florida, within FOURTEEN (14) DAYS of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).
DONE AND SUBMITTED in Chambers this 12th day of December, 2018, at West Palm Beach in the Southern District of Florida.

Case number 15-80057-CR-RLR

The victim restitution statute, 18 U.S.C. § 3664(m)(1)(A), states, "An order of restitution may be enforced by the United States in the manner provided in subchapter C of chapter 227 and subchapter B of chapter 229 of this title; or by all other available and reasonable means." Subchapter B of Chapter 229 includes 18 U.S.C. § 3613.

Toll II involved a motion to dismiss a complaint to foreclose the same criminal restitution lien on jointly-owned real property in Broward County, Florida. There, the Court again noted, "Defendants have not clearly stated the elements they believe the Government must allege to state a claim for foreclosure of a criminal restitution lien against real property. Additionally, Defendants have not provided the Court with a single case in which a comparable complaint was dismissed on account of the pleading deficiencies asserted in their Motion. This lack of guidance is significant because in order to adjudicate any Rule 12(b)(6) motion, a court must first determine the elements necessary for the plaintiff's claim." Toll II at 4-5

The Government's Response also cited Johansen v. United States, 392 F.Supp.2d 56 (D. Mass. 2005). DE 20 at 4. Johansen also involved a federal tax lien, not a criminal judgment lien.

Arguably, the filing of the lien in the public record does not affect its enforceability and is therefore not a required element in a foreclosure action. The filing of the lien affects only whether it is perfected as has priority over other claims. See, e.g., 18 U.S.C. § 3613(d) ; 26 U.S.C. § 6322. Nevertheless, because the Complaint here alleges that the restitution order was filed with the Palm Beach Clerk of Court, ¶ 9 and DE 1-5, the Court need not decide whether filing the lien is a required element of a restitution foreclosure action.