[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11127
Non-Argument Calendar

_____

D.C. Docket No. 9:14-cv-80323-DPG

DANIEL IMPERATO,

Plaintiff-Appellant,

versus

THE HARTFORD INSURANCE CO.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 30, 2020)

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

The appellant Daniel Imperato is a business owner.  He claims that he bought insurance for his business from the appellee Hartford Fire Insurance Company.  After Hartford denied a claim under the insurance policy, Imperato sued Hartford for damages in the Southern District of Florida.  He did so under the court's diversity jurisdiction, yet he failed to allege his state of citizenship.

The district court first dismissed his complaint for failure to serve Hartford.  On appeal, we were unsure whether Imperato had properly alleged diversity of citizenship.  So we vacated the dismissal and remanded to the district court to consider the issue.  After the district court ordered the parties to clarify their citizenship, Imperato filed an unsworn pleading claiming that he *resided* in Florida.  Again, he failed to allege facts establishing his citizenship.

Citing Imperato's omission, a magistrate judge recommended that the district court dismiss the case for failure to establish diversity jurisdiction.  Imperato objected.  He claimed, again in an unsworn pleading, that he consistently lived in Florida since 1978 and that he had homestead records to prove it.  The district court was unconvinced.  It agreed with the magistrate judge, vacated the order dismissing the case for lack of service, and dismissed the case for lack of jurisdiction instead.

Imperato appealed.  We dismissed the appeal for want of prosecution.  The case was over.

2

Then, more than three years later, Imperato moved the district court to reopen his case under Fed. R. Civ. P. 60(b).  He said that he had new evidence showing that he had properly served Hartford and that Hartford had fraudulently said otherwise.  The district court denied the motion, noting that it had ultimately dismissed the case not for failure to serve Hartford, but for lack of diversity jurisdiction.  Undeterred, Imperato moved for reconsideration, advancing the same arguments he made in his first motion, and adding that the dismissal order was void, that he had established jurisdiction, and that there were other compelling reasons to grant relief.  Equally undeterred, the district court denied the motion.

Imperato now appeals both the denial of the Rule 60(b) motion and the denial of the motion for reconsideration.  After review, we affirm.

**I.**

We generally review the denial of a Rule 60(b) motion for abuse of discretion, though we review Rule 60(b)(4) issues de novo.  *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001).  We also review a district court's denial of a motion for reconsideration for abuse of discretion.  *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).  Generally, an "abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment."  *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005).  To show that the

3

district court abused its discretion in denying Rule 60(b) relief, a party must also show that it would have been permissible to grant the Rule 60(b) motion, and that denying the motion was "sufficiently unwarranted." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). This requires a justification so compelling that the district court was required to vacate its order. *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006).

Rule 60(b) provides for relief from final judgments or orders in limited circumstances. One justification is newly discovered evidence that the movant could not have discovered earlier with due diligence. Fed. R. Civ. P. 60(b)(2). Another is fraud, misrepresentation, or misconduct by an opposing party. *Id.* at 60(b)(3). Yet another is proof that the judgment is void. *Id.* at 60(b)(4). And there is a catch-all provision, permitting relief for any other justifiable reason. *Id.* at 60(b)(6). A party can move for relief under Rule 60(b) relief within a "reasonable time" or, for relief under (b)(1), (2), and (3), within a year of the judgment or order. Fed. R. Civ. P. 60(c)(1).

Evidence that would not produce a new result cannot merit relief under Rule 60(b)(2). *See Willard v. Fairfield S. Co.*, 472 F.3d 817, 824 (11th Cir. 2006). Relief under Rule 60(b)(3) requires that the moving party prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct. *Frederick v. Kirby Tankships, Inc.*, 205

4

F.3d 1277, 1287 (11th Cir. 2000). Under Rule 60(b)(4), a judgment is void if the court that rendered it lacked subject matter jurisdiction, jurisdiction over the parties, if the court acted in a manner inconsistent with due process, or if the court was powerless to enter the judgment. *Burke*, 252 F.3d at 1263. And relief under Rule 60(b)(6) is an extraordinary remedy, invokable only in exceptional circumstances that, without relief, would cause extreme and unexpected hardship. *Griffin*, 722 F.2d at 680. As for a follow-up motion for reconsideration, the motion cannot be used to relitigate old matters or present arguments or evidence that the movant could have raised before the entry of judgment. *Richardson*, 598 F.3d at 740.

District courts have federal diversity jurisdiction over controversies between citizens of different states, where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). In the context of diversity jurisdiction, a party's citizenship is its domicile, and the party invoking diversity jurisdiction must provide facts supporting it. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is gone. *Id.* at 1257–58. A plaintiff claiming diversity jurisdiction must allege the citizenship of each party. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). If the complaint does not allege the parties' citizenship and the

5

plaintiff does not cure this deficiency, then the district court must dismiss the complaint. *Id.* If evidence in the record remedies a jurisdictional deficiency, a court need not dismiss a case for lack of diversity jurisdiction. *Id.* at 1269. But we do not consider a statement in an unsworn brief as evidence. *See id.* And residence does not equate to citizenship. *See id.*

## II.

We make short work of Imperato's claims. For starters, Imperato's Rule 60(b) motion is untimely; it was filed more than three years after the order dismissing his case. His claims under Rule 60(b)(2)-(3) have exceeded their one-year expiration date. And Imperato gives us no reason to think that a delay of more than three years was "reasonable" here.

Even if his Rule 60(b) motion were timely, it fails on the merits. The gist of his argument is that he has new evidence showing that he properly served Hartford. But the district did not dismiss his case for failure to serve Hartford; it dismissed the case because Imperato failed to establish diversity of citizenship. Any new evidence about service would not justify a new result. *See Willard*, 472 F.3d at 824. Any "fraud" Hartford committed about receiving service did not affect the district court's decision dismissing the case for lack of diversity. *See Frederick*, 205 F.3d at 1287. Imperato's new evidence does not render the dismissal void. *Burke*, 252 F.3d at 1263. Nor does he point us to any extreme or unexpected

6

hardship that would follow if the case remains closed. *Griffin*, 722 F.2d at 680. Nothing in his motion makes us think the district court was required to vacate its prior order dismissing the case for lack of jurisdiction. *See Cano*, 435 F.3d at 1342. And his motion for reconsideration merely echoed these arguments to differing degrees, presenting nothing new of substance or merit. *See Richardson*, 598 F.3d at 740.

In short, the district court did not abuse its discretion in denying Imperato's Rule 60(b) motion and motion for reconsideration.

The district court's judgment is **AFFIRMED.**