[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15292
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cv-01311-VMC-AEP

TINA MARIE TRAVAGLIO,

Plaintiff - Appellant,

versus

AMERICAN EXPRESS COMPANY,
AMERICAN EXPRESS TRAVEL RELATED SERVICES, INC.,
HEALTHEXTRAS, INC.,
and/or its Successors or Assigns,
BANK OF NEWPORT,
as Trustee,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 19, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

Tina Marie Travaglio appeals the district court's denial of her motion to reconsider the dismissal of her complaint. Previously, we remanded this case for the limited purpose of determining whether the parties are completely diverse. But Travaglio never responded with evidence of her citizenship. Because we cannot determine whether jurisdiction exists on the record before us, we vacate the district court's dismissal of Travaglio's complaint on the merits and remand with instructions that this case be dismissed for lack of subject matter jurisdiction.

## I.

Travaglio sued several companies alleging they engaged in deception, fraud, and conspiracy in violation of Florida law based on actions they took after she was in a car wreck while on vacation. She asserted subject matter jurisdiction was proper solely based upon diversity of citizenship. *See* 28 U.S.C. § 1332(a). But in her complaint, Travaglio failed to allege anything about the citizenship of several of the defendants and only alleged that she was a "resident of the State of Florida." Upon the defendants' motions, the district court dismissed Travaglio's complaint for failure to state a claim on which relief could be granted.

Travaglio appealed. After examining her complaint, we issued a jurisdictional question asking the parties whether the allegations of citizenship were deficient and, if so, whether amendment of the complaint was necessary. *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes,

2

citizenship means domicile; mere residence in the State is not sufficient.").[1]  The defendants responded, conceding Travaglio inadequately pleaded jurisdiction but asserting there was record evidence from which we could discern that the requirement of complete diversity was met.  Specifically, they pointed us to securities filings and affidavits in the record they claimed established each defendant's citizenship.  And they claimed an assertion in Travaglio's brief opposing the motions to dismiss adequately demonstrated that she was domiciled in Florida.  Travaglio did not respond and did not move to amend her complaint. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended . . . in the . . . appellate courts.").

After reviewing the defendants' responses, we concluded the allegations of citizenship were "fatally deficient" and that "nothing in the record ha[d] been called to our attention" that adequately demonstrated the parties were completely diverse.  For that reason, we remanded to permit the district court to make jurisdictional findings.  On remand, the district court ordered Travaglio to respond to the jurisdictional deficiencies we identified in her complaint.  When Travaglio once again did not respond, the court scheduled a teleconference, but neither Travaglio nor her counsel participated.  Nonetheless, the district court found that,

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

"when the record is considered in its entirety, . . . Travaglio is completely diverse from" the defendants.   The basis for this conclusion was the same statement from Travaglio's brief to which the defendants had referred us, which reads in full: "Plaintiff's primary residence was, and still is, Florida, although plaintiff maintained a temporary residence in Ohio."  We now review whether the court's findings remedy the jurisdictional deficiency in Travaglio's complaint.

## II.

The existence of jurisdiction is a question of law we review *de novo*.  *RES-GA Cobblestone, LLC v. Blake Constr. & Dev., LLC*, — F.3d — , 2013 WL 3029277, at *3 (11th Cir. June 19, 2013).  When a plaintiff files suit in federal court, she must allege facts that, if true, show federal subject matter jurisdiction over her case exists.  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant.  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.").   Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency.  *Stanley v. C.I.A.*, 639 F.2d

4

1146, 1159 (5th Cir. Unit B Mar. 1981);[2] *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on *only* the jurisdictional grounds." (internal quotation marks omitted)). That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case. *See Goodman ex rel. Goodman v. FDIC*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) ("'[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.'" (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

Yet we need not vacate a decision on the merits if the evidence submitted during the course of the proceedings cures any jurisdictional pleading deficiency by convincing us of the parties' citizenship. *Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 382 (1904) ("The whole record . . . may be looked to, for the purpose of curing a defective averment of citizenship, where jurisdiction in a Federal court is asserted to depend upon diversity of citizenship . . . ."); *see also Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 n.12 (11th Cir.

---

[2] Decisions issued by a Unit B panel of the former Fifth Circuit are binding precedent. *See Stein v. Reynolds Secs., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

2011) (permitting "admissions and record evidence to cure [a] pleading defect" as to citizenship). If such evidence is lacking, however, we are obligated by the restrictions Article III places upon us to vacate a judgment without any examination of its correctness. *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092-93 (11th Cir. 2010). Where, as here, a district court has made jurisdictional factfindings of the parties' citizenships, we review them for clear error. *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1313 (11th Cir. 2007). A finding is clearly erroneous if the record lacks substantial evidence to support it. *Arthur v. Allen*, 452 F.3d 1234, 1243 (11th Cir. 2006).

III.

As we indicated in remanding this case for jurisdictional findings, the allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough. *Denny v. Pironi*, 141 U.S. 121, 123 (1891); *Taylor*, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). And domicile requires both residence in a state and "an intention to remain there indefinitely . . . ." *Id.* at 1258 (internal quotation marks omitted).

6

The only support for the district court's finding that Travaglio is a Florida citizen was her statement in her brief opposing the defendants' motions to dismiss that her "primary residence was, and still is, Florida, although" she also had "a temporary residence in Ohio." But a sentence in an unsworn brief is not evidence. We did not find the statement adequate when we remanded for findings on jurisdiction, and we do not find it adequate now. Even if an assertion of primary residence by itself could suffice, we have never held that an unsworn statement in a brief, alone, can demonstrate a party's citizenship for purposes of establishing diversity jurisdiction.

Nor could we so hold. First, to find defective jurisdictional allegations could be cured based exclusively on a plaintiff's self-serving argument about her own citizenship in a brief would be tantamount to permitting her to create jurisdiction simply by saying so. And it is fundamental that parties may not stipulate to federal jurisdiction. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1338 (11th Cir. 2013). Second, to affirm based solely on Travaglio's unsworn statement would be entirely inconsistent with the standard of review. "Statements by counsel in briefs are not evidence," *Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980), and a finding is clearly erroneous if substantial evidence does not support it, *Arthur*, 452 F.3d at 1243. Critically, and in the same vein, we consistently have required some *evidence* to assure us jurisdiction exists before we

7

will ignore defective jurisdictional allegations that the plaintiff does not amend. *E.g.*, *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) ("Where the pleadings are inadequate, [federal courts] may review the record to find *evidence* that diversity jurisdiction exists." (emphasis added)).

As the district court noted, in *Molinos Valle Del Cibao* we did consider a defendant's admission of his citizenship in his answer to the complaint in concluding there was enough evidence of diversity to overcome a poorly pleaded complaint.  633 F.3d at 1342.  But we expressly relied both on the "admissions *and record evidence* to cure [the] pleading defect."  *Id.* at 1342 n.12 (emphasis added). In that case, the defendant's admission in his answer sharpened the inferences drawn from the several pieces of admissible evidence we catalogued that indicated his citizenship. *Id.* at 1342.  Further, the admission "carr[ied] evidentiary weight" because it was against the defendant's interest to concede he was diverse.  *Id.*  By contrast, we noted, "[c]ourts generally give little weight to a party's profession of domicile," because, as was true of what Travaglio said in her brief, "these declarations are often self-serving."  *Id.*  Nothing in that opinion suggests an unsworn admission, especially when it is merely an offhanded argument in a brief, may by itself provide sufficient evidence of a party's citizenship to cure a jurisdictional pleading deficiency.  Unsworn statements were not, alone, enough in that case and cannot be, alone, enough in this case.

8

IV.

In short, the only statement in the record that arguably could be read to demonstrate Travaglio's citizenship is an unsworn statement in a brief. Because that statement is not evidence, we cannot rely solely upon it to decide that subject matter jurisdiction exists. As a result, we cannot agree that there is adequate evidence in the record to overcome Travaglio's deficient jurisdictional pleadings. Therefore, we vacate the dismissal of Travaglio's complaint for failure to state a claim and remand this case with instructions that the district court dismiss for want of subject matter jurisdiction.

**VACTED in part and REMANDED with instructions; AFFIRMED in part.[3]**

---

[3] In addition to dismissing Travaglio's claims against the Bank of Newport for failure to state a claim upon which relief could be granted, the district court also dismissed those claims for want of personal jurisdiction. Because Travaglio does not mention that ruling in her brief at all, and because this case is due to be dismissed in its entirety for want of jurisdiction, we **AFFIRM** that dismissal. *See Ivy v. Ford Motor Co.*, 646 F.3d 769, 773 (11th Cir. 2011).