[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12155
Non-Argument Calendar

_____

D.C. Docket No. 8:13-cv-00652-JDW-AEP


DEBORAH LEYVA,
SARAH ZAKRZEWSKI,

Plaintiffs - Appellants,

versus

MAJOR CHRISTOPHER DANIELS,
personally,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 24, 2013)

Before HULL, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Deborah Leyva and Sarah Zakrzewski appeal the district court's dismissal of their complaint for lack of subject matter jurisdiction. After careful review, we affirm.

Marliene Hardman died in 2012, leaving behind two children, Christopher Daniels and Leyva, and several grandchildren, including Zakrzewski. In her will, Hardman named Daniels, Leyva, and Zakrzewski beneficiaries of her estate and named Daniels personal representative. Leyva and Zakrzewski sued Daniels in federal court, alleging that he breached his fiduciary duty to them as beneficiaries, mismanaged the estate, engaged in self-dealing, and generally did not fulfill his obligations under Florida probate law. Leyva and Zakrzewski argued the district court had diversity jurisdiction because they are citizens of Florida and Colorado, respectively, and Daniels is a citizen of Texas. *See* 28 U.S.C. § 1332(a)(1). The district court, however, concluded that because the complaint alleged claims against Daniels only as the legal representative of Hardman's estate, he was treated as a citizen of Hardman's home state, Florida. Thus, the court determined it lacked diversity jurisdiction. Leyva and Zakrzewski now appeal.

"The existence of jurisdiction is a question of law we review *de novo*." *Travaglio v. Am. Express Co.*, — F.3d — , No. 11-15292, 2013 WL 4406389, at *2 (11th Cir. Aug. 19, 2013). Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy

2

exceeds $75,000.  28 U.S.C. § 1332(a)(1).  "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  Under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."  A legal representative can retain his personal citizenship only if the suit concerns him acting in a personal capacity.  *See Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1562 n.1 (11th Cir. 1994).

Leyva and Zakrzewski argue the district court erroneously found that Daniels was a Florida citizen because their allegations concerned Daniels acting in his personal capacity.  But the complaint alleges only that Daniels acted improperly as the representative of Hardman's estate.  Any potential liability Daniels faces arises out of actions he took as the estate's legal representative, not as an individual.  Thus, Daniels is deemed a Florida citizen for purposes of this suit.  *See id.*; 28 U.S.C. § 1332(c)(2).[1]  And because Leyva is also a Florida citizen, the parties were not completely diverse and the district court correctly dismissed the complaint.  *See Triggs*, 154 F.3d at 1287; *see also* 28 U.S.C. § 1332(a)(1).

**AFFIRMED.**

---

[1] Leyva and Zakrzewski argue that Daniels retains his personal citizenship because he could be held personally liable under Florida law, but they cite no case indicating that personal liability cannot be imposed on an individual when he acts in a representative capacity.

3