[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11600
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-01086-WSD

BRENT WYLIE,

Plaintiff-Appellant,

versus

RED BULL NORTH AMERICA, INC.,
a.k.a. Red Bull,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 21, 2015)

Before HULL, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff Brent Wylie appeals the dismissal for lack of subject-matter jurisdiction of his personal injury action against defendant Red Bull North America, Inc. ("Red Bull"). After review of the record and the parties' briefs, we affirm.

## I. BACKGROUND

On April 11, 2014, plaintiff Wylie filed suit against defendant Red Bull in the United States District Court for the Northern District of Georgia. Wylie alleged that his consumption of defendant Red Bull's energy drink caused him to suffer a debilitating stroke. In the original complaint, plaintiff Wylie alleged that the district court had diversity jurisdiction pursuant to 28 U.S.C. § 1332 because (1) the amount in controversy exceeds $75,000, (2) plaintiff Wylie is a citizen of Pennsylvania, and (3) defendant Red Bull is a "corporation or business entity with headquarters" in California.

On April 15, 2014, the district court ordered plaintiff Wylie to file an amended complaint, or to submit evidence, that properly identified defendant Red Bull's citizenship. In that April 15 order, the district court found that the original complaint failed to adequately allege the citizenship of defendant Red Bull. The order advised plaintiff Wylie that a defendant is a citizen of its state of

incorporation and the state in which it has its principal place of business. Because the initial complaint failed to allege the state of defendant Red Bull's incorporation, the district court concluded that it was unable to determine whether it had subject-matter jurisdiction over the case. The district court warned plaintiff Wylie that it would be required to dismiss this action unless Wylie filed an amended complaint alleging specific facts to show federal court jurisdiction or submitted evidence establishing jurisdiction.

On April 30, 2014, plaintiff Wylie filed an amended complaint. Wylie alleged that defendant Red Bull "is a business entity incorporated in the state of California with a branch office incorporated in the state of Georgia." The complaint gave the address of defendant Red Bull's registered agent in the state of Georgia. The complaint attached a copy of a printout from the website of the Georgia Secretary of State ("the website printout"). Wylie alleged that this website printout, which he later calls a "registration," confirmed Red Bull's citizenship as an incorporated entity in Georgia. The amended complaint did not mention, let alone discuss, Red Bull's principal place of business.

On May 8, 2014, defendant Red Bull moved to dismiss the amended complaint on the ground, inter alia, that plaintiff Wylie failed to properly allege subject-matter jurisdiction.

3

On June 4, 2014, plaintiff Wylie responded to the motion to dismiss, claiming that the "registration" with the Georgia Secretary of State (i.e., the website printout) showed that Red Bull was, in fact, a California corporation.  That registration is, however, only the above printout from the Georgia Secretary of State's website.  The website printout identifies Red Bull North America, Inc. as a foreign corporation with its "jurisdiction" in California and its "Principal Office Address" in Santa Monica, California.[1]

On March 13, 2015, the district court granted defendant Red Bull's motion to dismiss the complaint for lack of subject-matter jurisdiction.[2]  The district court held that plaintiff Wylie filed a defective amended complaint because he still failed to allege defendant Red Bull's principal place of business. Moreover, the district court held that the evidence provided by plaintiff Wylie, the registration (the website printout) from the Georgia Secretary of State, also did not establish

---

[1]The printout appears to reflect not the actual filing by defendant Red Bull but rather a series of fields generated by the Georgia Secretary of State's office that are then populated by the information contained in a foreign corporation's annual registration.  This is based on review of the document attached to plaintiff Wylie's amended complaint as well as review of the Georgia Secretary of State's website, which includes formal registration filings by Red Bull. See Business Search for Red Bull North America, Inc., Georgia Secretary of State–Corporations Division, https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=1608844&businessType=Foreign%20Profit%20Corporation (last visited Aug. 10, 2015).

[2]Because the district court found that it lacked subject-matter jurisdiction, the remaining arguments for dismissal advanced by defendant Red Bull in its May 8 motion were denied as moot.

diversity jurisdiction. Plaintiff Wylie's complaint was dismissed without prejudice.

## II. DISCUSSION

It is a long-standing rule of this Court that the party invoking federal court jurisdiction, here plaintiff Wylie, has the burden to establish that jurisdiction exists. Tetco Metal Products, Inc. v. Langham, 387 F.2d 721, 723 (5th Cir. 1968).[3] When federal jurisdiction is based upon diversity of citizenship, the complaint "must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013). Without clearly alleged diversity of citizenship, "district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency." Id.[4]

On appeal, plaintiff Wylie argues that he satisfied that burden, both by amending the complaint to include California as the state of incorporation for defendant Red Bull and by filing a website printout showing defendant Red Bull's registration to do business as a foreign corporation in Georgia. Specifically, Wylie argues that the evidence submitted shows that defendant Red Bull's "home

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[4]"The existence of jurisdiction is a question of law [this Court] review[s] de novo." Travaglio, 735 F.3d at 1268.

jurisdiction" is California and that "the officers that direct and control [Red Bull] (i.e., its CEO, Secretary[,] and CFO), all do so from a single location in California." Plaintiff Wylie contends that this establishes diversity jurisdiction.

After review, we conclude that the district court did not err in determining that plaintiff Wylie failed to allege defendant Red Bull's principal place of business. First, we review the relevant law regarding "principal place of business."

For diversity jurisdiction purposes, a corporation is a "citizen of every State by which it has been incorporated and of the State . . . where it has its principal place of business." See 28 U.S.C. § 1332(c)(1). "Principal place of business" is a term of art with a defined legal meaning for jurisdictional purposes.

In Hertz Corp. v. Friend, the United States Supreme Court adopted the "nerve center" test to determine a corporation's principal place of business. 559 U.S. 77, 92–93, 130 S. Ct. 1181, 1192 (2010). The "nerve center" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Id. It is generally "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." Id. at 93, 130 S. Ct. at 1192; see also Holston Invs., Inc. B.V.I. v. LanLogistics Corp., 677 F.3d

6

1068, 1071 (11th Cir. 2012) (referring to the <u>Hertz</u> "nerve center" test as a "simple rule").

In <u>Hertz</u>, the Supreme Court specifically noted that the "mere filing of a form ... listing a corporation's 'principal executive offices' [is], without more," insufficient to establish a corporation's principal place of business because it "would readily permit jurisdictional manipulation, thereby subverting a major reason for the insertion of the 'principal place of business' language in the diversity statute."  59 U.S. at 97, 130 S. Ct. at 1195.

Here, plaintiff Wylie's amended complaint does not, on its face, allege that defendant Red Bull's principal place of business is California.  Plaintiff Wylie's "evidence" (attached to his amended complaint) shows only that, for the purpose of a corporate filing with the Georgia Secretary of State, defendant Red Bull listed a California address as its "Principal Office Address" and listed the same address for several corporate officers.  That alone is insufficient under <u>Hertz</u>.  <u>See id.</u>  The fact that the CEO, CFO, and Secretary of defendant Red Bull are listed on the form as sharing that "Principal Office Address" does not establish Red Bull's principal place of business under the "nerve center" test.[5]

### III. CONCLUSION

---

[5]It is only for the first time on appeal that plaintiff Wylie claims the listing of the corporate officers on the registration form as a basis for Wylie's "principal place of business" argument.  Although Wylie waived this argument, see <u>Access Now, Inc. v. Southwest Airlines Co.</u>, 385 F.3d 1324, 1330-31 (11th Cir. 2004), it lacks merit in any event.

7

For the foregoing reasons, we affirm the district court's dismissal without prejudice of plaintiff Wylie's amended complaint for lack of subject-matter jurisdiction.

**AFFIRMED.**