[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10117
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-00478-MCR-CJK

WALTER CRAIG SPRAGGINS,

Plaintiff-Appellant,

versus

STATE OF FLORIDA,
WALTON COUNTY, FLORIDA,
CITY OF FREEPORT, FLORIDA,
HAMMOCK BAY COMMUNITY DEVELOPMENT DISTRICT,
JAY ODOM,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 11, 2017)

Before WILLIAM PRYOR, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Walter Spraggins appeals *pro se* the *sua sponte* dismissal without prejudice of his fourth amended complaint against the State of Florida, Walton County, the City of Freeport, Hammock Bay Community Development District, and Jay Odom. The district court dismissed Spraggins's complaint for lack of subject matter jurisdiction and for failure to state a claim under the Prison Litigation Reform Act of 1995, even though he was not a prisoner proceeding as an indigent. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (h). Although the Act did not apply to Spraggins, we affirm the dismissal of his complaint for lack of jurisdiction.

One standard of review governs this appeal. We review *de novo* the dismissal of a complaint for failure to state a claim under the Litigation Reform Act. *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017). "The existence of jurisdiction [also] is a question of law we review *de novo*." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). A federal "court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings" and "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

2

The Litigation Reform Act did not apply to Spraggins. He was not an inmate nor was he a prisoner, as that term is defined in the Act. *See* 28 U.S.C. § 1915(h); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) ("[T]he PLRA's straightforward definition of 'prisoner' . . . appl[ies] only to persons incarcerated as punishment for a criminal conviction."). Spraggins also did not apply to proceed *in forma pauperis*; he paid the required fee when he filed his complaint.

The district court correctly dismissed Spraggins's fourth amended complaint for lack of jurisdiction. "When a plaintiff files suit in federal court, []he must allege facts that, if true, show federal subject matter jurisdiction over [his] case exists." *Travaglio*, 735 F.3d at 1268. The district court ruled that Spraggins's complaint failed either to allege complete diversity of citizenship among the parties, 28 U.S.C. § 1332(a), or to state a claim arising under federal law, *id.* § 1331, and Spraggins does not challenge that ruling. Spraggins argues that he should have been given a fifth opportunity to amend his complaint, but the district court dismissed the complaint without prejudice, so Spraggins is free to file another complaint against the defendants.

We **AFFIRM** the dismissal of Spraggins's complaint.