[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12788
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-00115-JRH-BKE

CHRISTOPHER LAWRENCE,

Plaintiff-Appellant,

PETRICE RICKS, et al.,

Plaintiffs,

versus

UNIVERSITY HOSPITAL,
UNIVERSITY HOSPITAL BOARD OF COMMISSIONERS,
CEO JIM DAVIS,
DR. FARR,
RNO REYNEE GALLUP, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 10, 2019)

Before TJOFLAT, MARCUS and ROSENBAUM, Circuit Judges.

PER CURIAM:

Plaintiffs appeal the District Court's order dismissing their *pro se* complaint for lack of subject matter jurisdiction. The complaint alleged state law claims of medical negligence, gross negligence, and the wrongful death of Daphne Lawrence Ricks. On appeal, plaintiffs argue that the District Court erred in finding that it lacked subject matter jurisdiction because the parties were only minimally diverse.

We review *de novo* dismissals for lack of subject-matter jurisdiction, *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006), and review for clear error a District Court's factual findings concerning jurisdiction, *Bryant v. Rich*, 530 F.3d 1368, 1377 (11th Cir. 2008).

District courts have subject matter jurisdiction over civil actions between citizens of different states, or between citizens of a state and citizens of a foreign country, where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and defendants. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806). The party invoking jurisdiction must allege the citizenship of the parties as of the time suit is filed in federal court. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). A natural person is a citizen of the state in which they are domiciled, *id.* at 1269, and a corporation is a citizen of its state of

2

incorporation and the state in which it has its principal place of business, 28 U.S.C. § 1332(c)(1).

Plaintiffs appear to concede that the parties in this case are not completely diverse.[1]  They argue, however, that complete diversity isn't required for several reasons.  First, plaintiffs argue that their action should be allowed to proceed under the federal interpleader statute, 28 U.S.C. § 1335.  If this were correct, minimal diversity among the parties would be sufficient to confer jurisdiction.  *See State Farm & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31, 87 S. Ct. 1199, 1203–04 (1967).  But the interpleader statute is inapplicable: there are not two or more adverse claimants in this case who "are claiming or may claim to be entitled to . . . money or property" or other benefits of a financial instrument.  *See* 28 U.S.C. § 1335(a)(1).  So this argument is unavailing.

Plaintiffs' second argument for minimal diversity appears to be premised on the Class Action Fairness Act ("CAFA"), which requires only minimal diversity for class actions that meet specified criteria.  28 U.S.C. § 1332(d)(2).[2]  We agree with the District Court that CAFA is inapplicable as this case involves fewer than

---

[1] On this and many other issues, plaintiffs' position is far from clear.  What is clear, however, is that the parties are not completely diverse—several of the plaintiffs, and all of the defendants, are domiciled in Georgia.

[2] Again, this argument doesn't exactly leap off the page of plaintiffs' brief.  But the District Court addressed this possible jurisdictional ground, and plaintiffs refer to that portion of the District Court's order in their briefing.

100 plaintiffs and the aggregated claims do not exceed $5,000,000.  So this argument is also unavailing.

Because there is no basis for federal subject matter jurisdiction in this case, we affirm the District Court's order dismissing plaintiffs' claims.

**AFFIRMED.**