[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10174
Non-Argument Calendar

_____

D.C. Docket No. 8:20-cv-02158-MSS-TGW


JAMES NATHANIEL DOUSE,

Plaintiff-Appellant,

versus

CANOE CREEK HOMEOWNER'S
ASSOCIATION, INC.,
c/o Access Management,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 29, 2021)

Before WILSON, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

James Douse, proceeding *pro se*, appeals the district court's order dismissing his complaint against Canoe Creek Homeowner's Association, Inc. ("Canoe Creek") for lack of subject-matter jurisdiction. Douse challenges only the district court's ruling that the parties lacked diversity of citizenship. Because Douse alleged in his complaint that both parties were Florida citizens, we affirm the district court. Additionally, Canoe Creek appeals the district court's denial of its motion for attorney's fees. Because it did not file a timely cross-appeal, that the issue is not properly before us, and we will not consider it.

## I.    Background

James Douse is a resident in Canoe Creek. Proceeding *pro se*, he sued Canoe Creek in September 2020, alleging violations of three Florida statutes, a 42 U.S.C. § 1983 claim premised on a Fourth Amendment violation, breach of a sales contract, and intentional infliction of emotional distress ("IIED"). Douse sought a stay of all liens on his property, answers to various questions regarding Canoe Creek's board of directors, quarterly and annual financial statements, and open votes on all rules. He also requested money damages for attorney's fees, court costs, reimbursement for taxes paid, punitive damages, and compensatory damages for the alleged Fourth Amendment violation and his IIED claim.

In his complaint, Douse claimed to be a resident of Florida as of September 8, 2020, and stated that Canoe Creek's principal place of business was in Florida.

2

Douse alleged diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  In the civil

cover sheet he attached to his complaint, Douse indicated that the district court had

both federal question and diversity jurisdiction.

Canoe Creek moved to dismiss the complaint for lack of subject-matter

jurisdiction under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim under

Fed. R. Civ. P. 12(b)(6).  Relevant here, it argued that the district court lacked

subject-matter jurisdiction based on diversity of citizenship because the complaint

alleged that Douse and Canoe Creek were both citizens of Florida.  It also argued

that the district court lacked subject matter-jurisdiction based on a federal question

because, although Douse had raised a § 1983 claim premised on a Fourth

Amendment violation, it was a private party that did not act under the color of

federal law.  Canoe Creek also argued that it was entitled to attorney's fees

because, as a homeowner's association, its residents funded its litigation, and

Douse's proclivity for bringing lawsuits created an unreasonable expense for its

homeowners.[1]  According to Canoe Creek, the homeowners' Declaration of

---

[1] Canoe Creek noted in its motion that Douse was a frequent *pro se* litigant who initiated lawsuits over garden-variety disputes and cited to seven cases litigated by Douse from 2016 to 2020.  In his response to Canoe Creek's motion to dismiss, Douse moved to amend his punitive damages claim because Canoe Creek's counsel had allegedly improperly listed his personal health information by citing to the other cases that he was a party to, as the health information was contained in some of those cases.  Douse also moved for sanctions based on the same conduct.  In an attachment to his notice of appeal, Douse indicated that he was bringing a lawsuit against Canoe Creek's counsel for violations of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

Covenants, Conditions and Restrictions for Canoe Creek stated that, if any lot owner initiated an action against Canoe Creek, "the party prevailing in such action shall be entitled to" attorney's fees and costs.

In response, Douse argued that the district court had jurisdiction to hear this case. He asserted that the district court had jurisdiction to hear diversity cases and that he had previously indicated his grounds for filing in federal court. As for Canoe Creek's request for attorney's fees, Douse argued that the request was baseless, as it clearly violated his home's sales contract as well as state and federal law.

The district court dismissed Douse's complaint without prejudice for lack of jurisdiction. First, the district court noted that the complaint attempted to invoke diversity jurisdiction but, because Douse had alleged that both parties were Florida citizens, it lacked diversity jurisdiction. Next, the district court explained that it also lacked federal question jurisdiction because despite Douse's alleged Fourth Amendment violation, Canoe Creek was not a state actor for purposes of 42 U.S.C. § 1983, and all of Douse's other claims were state law claims.

Next, the district court denied Canoe Creek's request for attorney's fees without prejudice because the homeowners' declaration was not attached to the motion to dismiss and had not been filed with the court. The district court also explained that it would have declined to award attorney's fees had the

4

homeowners' declaration been properly attached because its dismissal for lack of subject-matter jurisdiction did not reach the merits of Douse's claims and had no prejudicial effect on Douse's ability to bring his claims in state court. It noted that Canoe Creek could reassert its demand should it prevail in state court. Douse timely appealed.[2]

## II.    Discussion

### A. The district court properly found that it lacked subject-matter jurisdiction over Douse's claims.

On appeal, Douse argues that the district court had diversity jurisdiction over this action.[3] He asserts that his statement in his complaint that both parties were Florida residents was an honest mistake because "in [his mind, he] was

---

[2] Douse alleges for the first time on appeal that Canoe Creek violated HIPAA. In general, this Court "will not consider an issue raised for the first time on appeal." *Finnegan v. Comm'r of Internal Revenue*, 926 F.3d 1261, 1271 (11th Cir. 2019). And, although we construe *pro se* pleadings liberally, *see, e.g.*, *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014), "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id*. at 1168–69 (quotation marks omitted). Thus, Douse improperly asserts a HIPAA violation for the first time on appeal. Although it is true that Douse asserted below that Canoe Creek's counsel exposed his health information, he did so in his response to Canoe Creek's motion to dismiss, which does not properly preserve the issue for appeal.

Douse also asserts violations of the Fair Housing Act and the Civil Rights Act for the first time in his reply brief. Douse did not raise these claims below, nor did he brief them in his initial brief before this Court. Thus, the claims are not properly before us, and we do not consider them. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (explaining that "issues not briefed on appeal by a *pro se* litigant are deemed abandoned," and that we do not "address arguments raised for the first time in a *pro se* litigant's reply brief").

[3] Douse does not challenge the district court's holding that there is no federal question jurisdiction in this case. Regardless of whether he concedes the point, Douse does not brief federal question jurisdiction and "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

[t]echnically a resident of Tennessee on September 14, 2020."[4]  He explains that he owned property in Florida and visited, but he was physically residing in Tennessee at the time.  To back this argument up, Douse says that he also owned property in Georgia but was not a Georgia resident.

Canoe Creek asserts that the district court's order dismissing Douse's complaint was not a final order for purposes of 28 U.S.C. § 1291 because it contemplated an opportunity for Douse to refile his complaint and did not reach the litigation on the merits.  Alternatively, it argues, the district court properly found that it lacked subject-matter jurisdiction over Douse's complaint.

"The district court's subject[-]matter jurisdiction is a question of law that we review *de novo*."  *Patel v. Hamilton Med. Ctr., Inc.*, 967 F.3d 1190, 1193 (11th Cir. 2020) (quotation omitted).  A district court's factual findings regarding the parties' citizenships are reviewed for clear error, which occurs when "the record lacks substantial evidence to support it."  *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).

---

[4]  Douse further explains that the case before us is the second action between him and Canoe Creek, and the first suit, which was before the Sixth Circuit, was transferred to Florida from Tennessee and remains pending.  He asserts that he appealed this transfer because he was a resident of Tennessee at that time.  In his reply brief, Douse asserts he became a Florida resident on September 18, 2020, under the Sixth Circuit's decision referenced in his initial brief.  Douse does not point to any authority stating that a court's decision confers residence in a state.  Therefore, this argument is irrelevant and does not affect our determination of residency for purposes of diversity jurisdiction.  *See McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (explaining tests for domicile and determination of residence for jurisdictional purposes).

Before addressing the district court's jurisdictional ruling, we first address the threshold issue raised by Canoe Creek. We lack appellate jurisdiction over non-final, non-appealable orders. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1090–91 (11th Cir. 1996). Dismissals without prejudice are appealable if they are final orders. *Id*. at 1094 & n.7. But a dismissal without prejudice is *not* a final, appealable order if it is entered without prejudice to refile or if it operates as a *de facto* transfer order. *Grayson*, 79 F.3d at 1094–95 & n.7. We have cited with approval the proposition that "[t]he critical determination is whether [the] plaintiff has been effectively excluded from federal court under the present circumstances." *Id*. at 1095 (quoting *Facteau v. Sullivan*, 843 F.2d 1318 (10th Cir. 1988)).

Canoe Creek's argument that the underlying order in the instant case is non-appealable is unpersuasive. Although the district court did opine about a potential state court case involving the parties, it did not, at the time of dismissal, provide Douse with leave to amend his complaint, nor did it encourage the parties to transfer venues. *See Grayson*, 79 F.3d at 1094–95 & n.7. Rather, the district court dismissed the case for lack of subject-matter jurisdiction—a ruling that effectively excludes Douse from refiling his complaint in federal court. *Id*. at 1095.

7

Having found that the district court's order dismissing Douse's complaint was appealable, we now turn to subject-matter jurisdiction.[5] District courts have subject-matter jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). This diversity must be complete, which means "that no defendant in a diversity action [is] a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). Citizenship, for jurisdictional purposes, is determined at the time the suit is filed. *Id*. Citizenship is the equivalent of one's domicile for purposes of diversity jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id*. at 1257–58 (quotation omitted). When a district court lacks subject-matter jurisdiction, "it has no power to enter a judgment on the merits and must dismiss the action." *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003) (quotation marks omitted).

---

[5] Douse argues in his reply brief that we should reverse the district court because it had personal jurisdiction over his case. As an initial matter, we note that Douse raises this argument for the first time in his reply brief. As explained, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned," and we do not "address arguments raised for the first time in a *pro se* litigant's reply brief." *Timson* 518 F.3d at 874. Thus, we need not consider Douse's argument. However, we also note that personal jurisdiction is not at issue in this case, as the district court dismissed for lack of subject-matter jurisdiction.

For the same reason, we need not consider Douse's argument raised for the first time in his reply brief that the district court had not yet administratively closed his case. *Timson*, 518 F.3d at 874.

The district court correctly dismissed Douse's complaint for lack of subject-matter jurisdiction, because both parties were Florida residents at the time of filing. In his complaint, Douse alleged that he was a Florida resident. Moreover, the record reflects that Douse's residence was in Florida. For example, the record contains correspondence from Douse regarding the Florida property that predates the filing of the complaint. Additionally, Douse lists his county of residence as Manatee County, Florida, on his civil cover sheet and applied for a homestead exemption for his house in Canoe Creek. In Florida, homestead exemptions are for property owners who maintain permanent residence at the property in question. See Fla. Const. art. VII, § 6(a) ("Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner, shall be exempt from taxation thereon . . . ."). On appeal, Douse does *not* argue that he was a Tennessee resident, but rather that he mistakenly believed he was a Tennessee resident. Unsurprisingly, he cites to no authority for the quite unusual proposition that his mistaken belief that there was diversity of citizenship cures any jurisdictional defect. And because there is record evidence that Douse resided in Florida, the

district court did not clearly err in its factual determination that he was a Florida citizen. *Travaglio*, 735 F.3d at 1269.[6]

Because there is not complete diversity of citizenship and Douse did not allege federal question jurisdiction, the district court properly dismissed Douse's complaint for lack of subject-matter jurisdiction.

## B. Canoe Creek's attorney's fees arguments are not properly before this Court.

Canoe Creek argues that the district court erroneously denied its request for attorney's fees. It asserts that the award of attorney's fees is a collateral issue that remains within the district court's jurisdiction even if it lacks subject-matter jurisdiction over the underlying action and that the district court's failure to consider attorney's fees was an abuse of discretion.

A cross-appeal is required for an appellee to "attack [a] decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary." *United States v. Am. Ry. Express Co.*, 265 U.S. 425, 435 (1924); *see also Jackson v. Humphrey*, 776 F.3d 1232, 1239 (11th Cir. 2015) ("Importantly, for a claim to fall within our pendent appellate jurisdiction, a party must file a cross-appeal of its own."). In civil cases, a cross-appeal must be filed within 14

---

[6] Douse has abandoned on appeal any argument that Canoe Creek is not a Florida citizen because he failed to brief the issue. *See Timson*, 518 F.3d at 874. Regardless, Douse's complaint alleged that both he and Canoe Creek were Florida citizens.

10

days after the filing of the notice of appeal, or within 30 days of the entry of judgment or order appealed from, whichever ends later.  Fed. R. App. P. 4(a)(3). We have dismissed a claim made by an appellee for lack of jurisdiction when the appellee did not file a cross-appeal within either timeframe specified by Fed. R. App. P. 4(a)(3).  *See Sizzler Fam. Steak Houses v. W. Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1541 (11th Cir. 1986) ("We lack jurisdiction to consider this contention because the cross-appeal was not timely filed . . . . Sizzler's cross-appeal was not timely under either of the standards set forth in Rule 4(a)(3).").

Here, we lack jurisdiction to consider Canoe Creek's arguments that we should reverse the district court's denial of its request for attorney's fees because it did not timely cross-appeal the issue.  Because Canoe Creek attempts to enlarge its own rights on appeal by collecting attorney's fees, it must have timely appealed from the district court's order.  *See Am. Ry. Express Co.*, 265 U.S. at 435.  Douse filed his notice of appeal on January 14, 2021.  Canoe Creek did not file a cross-appeal, meaning it has not satisfied either of Rule 4(a)(3)'s cross-appeal filing timelines.  Thus, its arguments regarding the district court's denial of attorney's fees are not properly before us because we lack the pendent appellate jurisdiction to consider the issue.[7]

---

[7] Because Canoe Creek's arguments that the district court erroneously denied its request for attorney's fees are not properly before us, we need not address Canoe Creek's request to supplement

11

For these reasons, we affirm.

**AFFIRMED.**

---

the record with the homeowners' declaration or Douse's request to compel Canoe Creek to produce the homeowners' declaration.