[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10200

Non-Argument Calendar

_____

RESHAWN ARMSTRONG,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,
U.S. ATTORNEY GENERAL,
DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:20-cv-00796-RDP

_____

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Reshawn Armstrong, proceeding *pro se*, appeals the district court's dismissal of her claims against the federal government under the Family Medical Leave Act ("FMLA") for lack of subject matter jurisdiction and its denial of her motion for default judgment on those claims.  For the reasons discussed below, we affirm.

I.

We review *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction.  *Center v. Sec'y, Dep't of Homeland Sec.*, 895 F.3d 1295, 1299 (11th Cir. 2018).  We construe *pro se* filings more liberally than formal pleadings drafted by lawyers. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

The plaintiff bears the burden of establishing federal subject matter jurisdiction. *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016).  If there is a deficiency in subject matter jurisdiction, district courts are constitutionally obligated to dismiss the action. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).  Indeed, a court "may not consider the merits

of [a] complaint unless and until [it is] assured of [its] subject matter jurisdiction." *Id.* at 1269 (quoting *Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013)).

Courts do not have subject matter jurisdiction over claims against the United States government unless it consents to be sued. *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011). The United States can consent to be sued by expressly giving its consent by statute, and the terms of the statute waiving immunity are strictly construed. *Id.* Title I of the FMLA grants private workers rights to leave from work in certain circumstances and a private right of action to remedy violations. 29 U.S.C. §§ 2612, 2615, 2617(a)(2); *see also id.* § 2611(2)(B)(i) (excluding federal employees from Title I). Title II of the FMLA grants federal employees the right to leave from work but does not provide a private cause of action to address FMLA violations. *See* 5 U.S.C. §§ 6381–87 (excluding private right of action in subchapter of the United States Code addressing FMLA for federal employees).

Here, we conclude that the district court did not err. Armstrong was a federal employee, and thus, she could not bring an FMLA claim against the government under Title I. *See* § 2611(2)(B)(i) And Title II of the FMLA does not provide a private cause of action, so the United States has not waived its sovereign immunity to FMLA claims. *See* §§ 6381–87. Therefore, the district court did not err by dismissing her FMLA claims on this basis. *Christian Coal. of Florida*, 662 F.3d at 1188. Relatedly, it did not err by denying her motion for default judgment because, given its

4                       Opinion of the Court                    21-10200

lack of subject matter jurisdiction, it was powerless to do anything else.  *See Travaglio*, 735 F.3d at 1268.  Accordingly, we affirm.

**AFFIRMED.**