[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11521

Non-Argument Calendar

_____

KAREN C. YEH HO,
Individual, Vested Beneficiary,

Plaintiff-Appellant,

*versus*

MERRILL LYNCH PIERCE FENNER & SMITH
INCORPORATED,
A Delaware corporation, Doing business in New York
corporation,
A foreign for profit corporation Sunbiz.org
(Document #813294),

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cv-81852-AMC

————————————

Before WILLIAM PRYOR, Chief Judge, and BRANCH and ANDERSON,
Circuit Judges.

PER CURIAM:

Karen Yeh Ho appeals *pro se* the dismissal with prejudice of
her second amended complaint against Merrill Lynch, Pierce, Fenner & Smith for lack of subject matter jurisdiction, Fed. R. Civ. P.
12(b)(1). We affirm.

Yeh Ho's initial complaint alleged that Merrill Lynch owed
her inheritance money as a beneficiary of her late parents' Merrill
Lynch accounts. It alleged that diversity jurisdiction, 28 U.S.C.
§ 1332, existed because the amount in controversy was more than
$640,000, she was a "citizen of the State of Florida," and Merrill
Lynch was "incorporated under the laws of the State of ?????, and
has its principal place of business in the State of New York." Merrill
Lynch moved to dismiss the complaint because it failed to allege
Merrill Lynch's state of incorporation. The district court dismissed
the complaint without prejudice and granted leave to amend.

Yeh Ho's amended complaint alleged that diversity jurisdiction existed because she had been "a full-time resident of Florida since 1987" and Merrill Lynch was "established in Delaware since 11/10/1958" and was "[d]oing business in New York." Merrill Lynch again moved to dismiss the amended complaint, which alleged Yeh Ho's residence, instead of her citizenship, and failed to allege Merrill Lynch's principal place of business and state of incorporation. The district court again dismissed without prejudice and granted Yeh Ho a final opportunity to allege jurisdiction by including "Yeh Ho's citizenship" and "Merrill Lynch's principal place of business." It warned Yeh Ho that a failure to cure the pleading defects would result in a dismissal with prejudice.

Yeh Ho's second amended complaint alleged that diversity jurisdiction existed because she was a "citizen of Florida since 1987" and Merrill Lynch was a "citizen of Delaware." Merrill Lynch filed a third motion to dismiss based on Yeh Ho's failure to allege diversity of citizenship. The district court granted the motion to dismiss with prejudice because Yeh Ho failed to allege facts necessary to establish subject matter jurisdiction. The district court ruled that "without any allegations regarding Merrill Lynch's principal place of business, the [second amended complaint] fails to adequately establish subject matter jurisdiction under 28 U.S.C. § 1332" and must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

We review a dismissal for lack of subject matter jurisdiction *de novo*. *Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). "When a plaintiff files suit in federal court, she must

allege facts that, if true, show federal subject matter jurisdiction over her case exists." *Id.* If the factual allegations of a complaint "do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case." *Id.* at 1269. Federal diversity jurisdiction requires that all parties be completely diverse. *Triggs v. John Crump Toyota, Inc.*, 141 F.3d 1464, 1465 (11th Cir. 1998). Natural persons are citizens of the state where they are domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). A corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010).

The district court did not err in dismissing Yeh Ho's second amended complaint for lack of subject matter jurisdiction. The second amended complaint failed to establish diversity of citizenship because it failed to allege Merrill Lynch's principal place of business. *See* 28 U.S.C. § 1332(c)(1). Although Yeh Ho's initial complaint alleged that Merrill Lynch had "its principal place of business in the State of New York," Yeh Ho failed to include this allegation in her second amended complaint even after the district court instructed her to do so. *See Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1319 (11th Cir. 2021) ("An amended complaint supersedes and replaces the original complaint."). The factual allegations in Yeh Ho's second amended complaint did "not assure the court it ha[d] subject matter jurisdiction." *Travaglio*, 735 F.3d at 1269.

We **AFFIRM** the dismissal of Yeh Ho's second amended complaint.