In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 24-11138

————————————

MARTHA C. HARRIS,

Plaintiff-Appellant,

*versus*

WELLS FARGO BANK N.A.,
STANDARD GUARANTY INSURANCE COMPANY,
CRAWFORD & COMPANY,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:23-cv-00173-AMM

————————————

Before BRASHER and ABUDU, Circuit Judges.

BY THE COURT:

In February 2023, Roderick Harris, proceeding *pro se*, filed a complaint against Wells Fargo Bank, N.A.; Standard Guaranty Insurance Company; and Crawford & Company, invoking the district court's diversity jurisdiction.  However, with the exception of the estate of Martha Harris, which was the primary plaintiff, the allegations in the complaint were insufficient to establish the parties' citizenships.  *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013); *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011).

On appeal, we issued a jurisdictional question ("JQ") asking the parties to address the district court's subject matter jurisdiction.  Harris's motion for leave to file his response to the JQ out of time is GRANTED.

Although all parties argue that diversity of citizenship exists for purposes of subject matter jurisdiction, Harris has not moved to amend his complaint, and the parties have not pointed to any record evidence demonstrating the citizenship of each unresolved party.  *See Travaglio*, 735 F.3d at 1269-70.

First, because Harris's *pro se* complaint alleged damages to him as an individual and to the estate of Martha Harris, the district court's summary judgment order treated Harris and the estate as separate plaintiffs.  *See Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020); *Lundgren v. McDaniel*, 814 F.2d 600, 604 (11th Cir. 1987).  Thus, record evidence must show the citizenship of

Roderick Harris as an individual, separate from the estate.  *See* 28 U.S.C. § 1332(c)(2); *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007) (stating that the legal representative of the estate of a decedent is deemed a citizen only of the same state as the decedent, who is deemed to be a citizen of the state in which she was domiciled at the time of her death); *Travaglio*, 735 F.3d at 1269 (stating that a natural person's citizenship is determined by their domicile, not simply their residence).  Wells Fargo points to the mailing address that Roderick Harris provided in the complaint for both himself and the estate, but this address, which is only a post office box, does nothing to show where he is domiciled.  *See Travaglio*, 735 F.3d at 1269.

Although the defendants point us to Wells Fargo's and Crawford's answers to the complaint, those filings did not sufficiently show their citizenships—Wells Fargo gave the location of its "principal office," and Crawford did not give the location of its principal place of business.  *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (stating that a national banking association "is a citizen of the State in which its main office, as set forth in its articles of association, is located"); 28 U.S.C. § 1332(c)(1) (providing that a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business).  Further, the parties' unsworn statements in their JQ responses are not evidence.  *Travaglio*, 735 F.3d at 1269-70.  Standard Guaranty asks us to refer to the district court's findings in a substantively related but separate action, but those findings are not part of the record in this case and were made based on a March

4                              Order of the Court                        24-11138

2020 notice of removal, three years before the complaint was filed in this case.

Accordingly, this appeal is REMANDED to the district court for the limited purpose of determining the citizenship of the parties and whether diversity jurisdiction exists. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022-23 (11th Cir. 2004).

If the district court determines that the parties are completely diverse in citizenship, then it should enter an order to that effect and return the record, as supplemented, to this Court for further proceedings. If the district court determines that complete diversity does not exist, then it should vacate its rulings and dismiss the action for lack of subject matter jurisdiction.