# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-13699

_____

NIKITA J. GRIFFIN,

Petitioner-Appellant,

*versus*

MERRILL LYNCH PIERCE FENNER & SMITH INC.,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cv-02726-LMM

_____

Before NEWSOM and BRASHER, Circuit Judges.

2                          Order of the Court                    24-13699

BY THE COURT:

Nikita Griffin, proceeding *pro se*, appeals from the district court's order dismissing Griffin's petition to vacate the arbitration award. The underlying dispute of the arbitration concerned Griffin's claims against Merrill Lynch, Pierce, Fenner, & Smith Inc. ("Merrill Lynch").

We issued a jurisdictional question ("JQ") asking whether the district court had subject matter jurisdiction to consider Griffin's petition to vacate the arbitration award.

Although Griffin's petition cited 9 U.S.C. § 10 of the Federal Arbitration Act ("FAA"), that statute does not provide an independent basis for the district court's jurisdiction. *See Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1468-1473 (11th Cir. 1997) (concluding that the FAA does not independently confer jurisdiction on federal courts to consider a petition for confirmation or vacatur of an arbitration award and holding that the appellants' petition to vacate did not establish federal question or diversity jurisdiction). Griffin's petition asserted no other basis for federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *Kemp v. Int'l Bus. Machs. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint.").

The petition also did not assert a basis for diversity jurisdiction, as it did not include any allegations of the parties' citizenships.

24-13699                    Order of the Court                         3

*See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."); *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (explaining that the party invoking diversity jurisdiction must allege the citizenship of the parties at the time the suit is filed in federal court); *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) ("When jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged." (quotation marks omitted)); *Travaglio,* 735 F.3d at 1268-69 (explaining that to establish diversity jurisdiction with respect to a natural person, the pleadings must allege the person's citizenship or domicile, and an allegation of residence is insufficient); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

Griffin responds to the JQ that the district court had subject matter jurisdiction under § 10 of the FAA. He does not otherwise argue that the district court had diversity jurisdiction, nor does he provide the parties' citizenships.

Merrill Lynch responds to the JQ that Griffin's appeal should be dismissed for lack of subject matter jurisdiction because the petition did not sufficiently invoke the district court's federal question jurisdiction or diversity jurisdiction. It does not otherwise provide the parties' citizenships.

Because the record does not resolve whether diversity jurisdiction exists and the parties have not resolved that issue on appeal, remand is necessary. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022-23 (11th Cir. 2004); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017) ("In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

Accordingly, this appeal is REMANDED to the district court for the limited purpose of determining the parties' citizenships and whether diversity jurisdiction existed when this action was filed in the district court.

If the district court determines that the parties were completely diverse, then it should enter an order to that effect and return the record, as supplemented, to this Court for further proceedings. If the district court determines that complete diversity did not exist, then it should vacate its judgment and dismiss the action without prejudice for lack of subject matter jurisdiction.