[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 21-13475

Non-Argument Calendar

————————————————

GREGORY MAKOZY,

Plaintiff-Appellant,

*versus*

CHARLES ZIMMERER,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-22019-RLR

————————————————

Before JILL PRYOR, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Plaintiff Gregory Makozy, proceeding *pro se*, appeals the district court's order dismissing his lawsuit after he failed to comply with court orders. He argues that the district court erred in dismissing the lawsuit and also that the district court judge should have recused herself. After careful consideration, we affirm.

## I.

This is the fourth case in which Makozy has brought claims against Charles Zimmerer, his former bankruptcy attorney. *See Makozy v. Internal Revenue Serv. (Makozy I)*, No. 2:18-cv-14050, 2018 WL 4926503 (S.D. Fla. Sept. 17, 2018); *Makozy v. Internal Revenue Serv. (Makozy II)*, No. 2:18-cv-14404, 2018 WL 6978630 (S.D. Fla. Dec. 13, 2018); *Makozy v. United States (Makozy III)*, No. 2:19-cv-14412, 2020 WL 2084850 (S.D. Fla. Apr. 30, 2020). In each of the earlier lawsuits, the district court concluded that it lacked subject matter jurisdiction over the state law claims against Zimmerer because Makozy alleged that both he and Zimmerer were citizens of the same state; thus, there was no diversity jurisdiction. Makozy appealed the dismissal of *Makozy III*, but we affirmed, explaining that "[b]ecause the facts alleged in Makozy's complaint did not establish diversity of citizenship between the parties, the district court did not err in dismissing his state-law claims against

21-13475               Opinion of the Court                    3

Zimmerer for lack of jurisdiction." *Makozy v. Zimmerer*, 850 F. App'x 722, 724 (11th Cir. 2021) (unpublished).

Several weeks after our opinion affirming the dismissal in *Makozy III* issued, Makozy filed this action, again substantively alleging that Zimmerer was liable for legal malpractice under state law. This time, Makozy's complaint alleged there was diversity of citizenship because he was "domiciled" in Pennsylvania and Zimmerer resided in Florida. Doc. 1 at 1.[1] In this complaint, Makozy listed a Pennsylvania address. But in a draft summons he submitted to the clerk of court, he provided a Florida address.

This action was assigned to the same district court judge who dismissed the complaints in *Makozy I* and *Makozy III*.[2] The district court *sua sponte* reviewed whether there was subject matter jurisdiction. Although Makozy alleged in his complaint that he was domiciled in Pennsylvania, the court noted that he was still using a Florida address and had previously represented that he was a Florida citizen. To determine Makozy's citizenship and decide whether diversity jurisdiction existed, the court directed him to file "an affidavit, sworn under penalty of perjury," identifying his state of citizenship; explaining why his citizenship recently changed; and addressing why, if he was a citizen of Pennsylvania, he was still using an address in Florida. Doc. 13 at 1. The court warned Makozy

---

[1] "Doc." numbers are the district court's docket entries.

[2] *Makozy II* was assigned to a different district court judge.

4                    Opinion of the Court                21-13475

that if he failed to comply with the order, it "may dismiss the . . . case without prejudice due to lack of prosecution." *Id.*

Makozy submitted a one-page response consisting of two sentences. In the first sentence, he stated that he "maintains 2 residences." Doc. 14 at 1. In the second sentence, he requested that the "court change his address back to" his Pennsylvania address. *Id.* The response was not sworn under penalty of perjury, did not identify his state of citizenship, and did not address why his citizenship had recently changed.

The district court found the response deficient, saying it did "not address the [c]ourt's questions and is not an affidavit." Doc. 15. The court gave Makozy "one final chance to fully comply" with its earlier order. *Id.*

Makozy submitted a new response, stating that he resided in both Florida and Pennsylvania and did not know how to respond to the court's request. Again, the response was not a sworn statement made under penalty of perjury.

The court dismissed the case without prejudice. It explained that it had an that independent obligation to determine whether subject matter jurisdiction existed and had requested information from Makozy to determine whether he was a citizen of Pennsylvania or Florida. The court found that Makozy failed to comply with its orders because he failed to file an affidavit addressing the court's questions. It dismissed the case without prejudice, saying

"[n]othing in this Order shall preclude [Makozy] from initiating a new case." Doc. 18 at 2.

Makozy then filed a motion to recuse. He argued that the district court judge was "bias[ed]" against him because he had two addresses. Doc. 19 at 1. The district court denied the motion to recuse, explaining that the proper procedure for a party to challenge an adverse ruling was to file an appeal, not a motion for recusal.

Makozy then filed a motion requesting that the court assign his case to another judge in the Southern District of Florida or transfer the case to the Western District of Pennsylvania. The district court denied the motion. To the extent Makozy sought review of the court's orders by another judge, the court explained that the proper procedure was for him to file an appeal. The court also stated that it could not transfer the case to another district because "there is no open case to transfer, as this case has been dismissed." Doc. 23.

This is Makozy's appeal.

## II.

We review for abuse of discretion a district court's decision to dismiss a case for failure to comply with a court order. *See Foudy v. Indian River Cnty. Sheriff's Off.,* 845 F.3d 1117, 1122 (11th Cir. 2017). A district court judge's decision not to recuse herself is likewise reviewed under an abuse-of-discretion standard. *Jenkins v. Anton,* 922 F.3d 1257, 1271 (11th Cir. 2019).

"[W]e read briefs filed by *pro se* litigants liberally." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

### III.

Liberally construing Makozy's brief, we understand him to be raising two errors on appeal: the district court's (1) dismissal of his complaint and (2) denial of his motion to recuse. We address each argument in turn.

We begin with whether the district court abused its discretion when it dismissed Makozy's complaint based on his failure to comply with its orders. "A district court has inherent authority to manage its own docket so as to achieve the orderly and expeditious disposition of cases." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (internal quotation marks omitted). "The court may dismiss a claim if the plaintiff fails to . . . comply with a court order." *Id.* (citing Fed. R. Civ. P. 41(b)). Although "dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). In addition, when a dismissal for failure to follow court orders is without prejudice, it usually is not considered an abuse of discretion because the plaintiff may refile the action. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983).

Here, we cannot say that the district court abused its discretion when it dismissed Makozy's lawsuit. There is no question that

the district court had the authority to inquire *sua sponte* into whether subject matter jurisdiction existed; indeed, it had a duty to do so. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The district court was concerned about whether there was complete diversity of citizenship as required to establish diversity jurisdiction.[3] The district court understood that in his prior lawsuits Makozy had represented that he was a citizen of Florida. But in this action, filed several weeks after we affirmed the dismissal order in *Makozy III*, he alleged that he was a citizen of Pennsylvania. Given Makozy's change in position, the district court reasonably requested that he provide sworn testimony in the form of an affidavit addressing his citizenship. Although Makozy filed responses to the court's orders, he never followed the court's direction to provide a sworn statement made under penalty of perjury answering specific questions related to his citizenship. Given these facts and that the dismissal was made without prejudice, we find no abuse of discretion. *See Dynes*, 720 F.2d at 1499.

We now turn to Makozy's argument that the district court erred in denying his motion to recuse. A judge must recuse herself

---

[3] Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and defendants—that is, all plaintiffs must be citizens of different states than all defendants. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The citizenship of a natural person is the person's place of domicile, which requires residence in a state and an intention to remain in that state indefinitely. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).

"in any proceeding in which [her] impartiality might reasonably be questioned" or where she has a "personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "The test is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). "Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990).

The district court judge did not abuse her discretion in declining to recuse. No "objective, disinterested, lay observer . . . would entertain a significant doubt about" her impartiality simply because she directed Makozy to provide more information about changing his citizenship from Florida to Pennsylvania. *Parker*, 855 F.2d at 1524. And we see no indication that the district court judge had "personal bias [or] prejudice" against Makozy. 28 U.S.C. § 455(b)(1).

## IV.

For the reasons set forth above, we affirm.[4]

**AFFIRMED.**

---

[4] Also pending before the Court is Makozy's Motion to Allow Response to Defendants' Brief. The motion is GRANTED.